JUDGE HARDIN
delivered the opinion of the court:
In May, 1863, an indictment for horse-stealing was found in the Harrison circuit court against John Jones and Ambrose Barnett, and afterwards, on the 3d day of May, 1864, neither of the defendants having been arrested, the following order was made: “ On motion of plaintiff by attorney, and the death of defendant Jones being suggested, it is ordered that this suit abate as to said Jones; and as to the defendant Barnett, this cause is filed away with leave.”
In November, 1865, the case was', by direction of the Commonwealth’s Attorney, reinstated on the docket; and Jones not being dead, as had been incorrectly suggested, he was arrested and held to bail to answer the indictment; and in May, 1866, the following recognizance was taken by the court:
“ On motion of defendant, John Jones, he is permitted to renew his recognizance; and, thereupon, said defendant, and Dudley Jones and Lewis M. Henry, as sureties, acknowledge themselves bound to the Commonwealth of Kentucky in the sum of five hundred dollars, to be void if said defendant Jones shall make his appearance in the criminal court of this county on the first day of its next September term, and not depart without leave.”
It appears from the bill of exceptions that Jones was in court at the September term, 1866, and obtained the permission of the court to go to another’county for absent witnesses; but no formal disposition was made of his case at that term; but at the next term of the court he failed to appear, and for this a forfeiture of the recog *429 nizance was ordered, and a summons thereon awarded against his sureties.
The appellant appeared and answmred the summons, and the law and facts of the case being tried by the court, a judgment was rendered against him for five hundred dollars, and he now seeks a reversal of that judgment in this court.
The order of abatement, although superinduced by the mistaken belief that Jones was dead, was a termination of the prosecution on said indictment, so far as he was concerned, and it could only be reinstated on the docket as a pending indictment against Barnett.
It is essential to the validity of a recognizance or bail bond that it may be made to appear that the defendant was, when recognized or bailed, legally in custody, charged with a public offense, and was discharged therefrom by reason of the giving of the bond or recognizance, and that it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for an examination of the charge or before a court for the trial thereof. (Criminal Code, sec. 80.)
When the recognizance was taken, there being no prosecution pending against Jones, it cannot be said that he was legally in custody, charged with a public offense. It is, moreover, apparent on the face of the recognizance that it is defective, for the' reason that it cannot be ascertained from it that the bail undertook that Jones should either appear before a magistrate for the examination of any charge, or before the court for trial thereon.
Wherefore, the judgment, being deemed erroneous, is reversed, and the cause remanded, with directions to dismiss the proceeding.