JITDG-E HARDIN
delivered the opinion of the court.
On tbe 19tb day of November, 1853, Thomas L. Garrard and Maria Ward, in contemplation of their marriage, which occurred shortly afterward, executed and caused to be properly recorded an antenuptial contract, securing to the separate use *438 of Mrs. Ward a small estate which she owned; she on her part agreeing to relinquish her prospective right of dower in Garrard’s estate, which was comparatively large. But in lieu of dower, should she survive him, it was stipulated and agreed that he should give her “ such property or annuity out of his estate” as might be sufficient to support her comfortably during her life or widowhood, to be set apart and allotted to her in such manner as might be agreed to by her and the administrator or executor of the estate, or by proper judicial proceeding in the event of their disagreement.
Garrard died in 1864, Jiis wife surviving him, leaving the appellants, Thomas L. Garrard, jr., R. F. Garrard, and Harriet Corwin, wife of Francis D. Corwin, and the appellee, James C. Garrard, his children and heirs-at-law.
At the time of the marriage Thomas' L. Garrard, sr., owned and was seized of two tracts of land, one containing about five hundred and seventy-two acres, and worth probably twenty dollars per acre; and the other containing two hundred and fifty-three acres, and of the probable value of twelve dollars per acre; but by voluntary conveyances, made in 1860 and 1861, he vested the title to the smaller tract in his daughter, Harriet Corwin, and that of the larger one in his sons, Thomas L. Garrard, jr., and R. F. Garrard, who were in possession of these tracts at their father’s death, claiming under their respective deeds. Part of the larger tract was afterward sold for debts of the decedent, but for an inadequate price, which was paid by the occupants. Said Thomas L. Garrard, sr., had also owned another tract of about five hundred and ten acres of land, which he conveyed to his son, James C. Garrard, after the marriage; but, as appears, in compliance with an oral contract made before that time.
As appears by the record of a suit which was prosecuted by the administrator of the decedent against his heirs and creditors, his personal estate was insufficient to pay his debts. *439 In that suit the claim of Maria Garrard was not litigated, although it appears she was before the court as a defendant. She commenced this suit in equity against the administrator and heirs of her deceased husband in March, 1866, alleging that the administrator refused to make any agreement with her for her support in lieu of dower under said contract; that the conveyances to the defendants were made without any valuable consideration; and that her claim for a comfortable support out of the decedent’s estate was a charge on the land in the possession of the defendants; and she sought the judgment of the court to enforce her claim according to the stipu-' lations of the contract.
Several grounds of defense were relied on, which, so far as deemed important, will be considered in connection with the final judgment of the court, which, on the basis of a commissioner’s report, fixed the sum of four hundred dollars per annum as a just and proper annuity to be paid to the plaintiff for her support in lieu of dower, to commence on the 5th of January, 1864, and continue during her natural life or widowhood, and having a lien on the tracts of two hundred and fifty-three acres of land conveyed to Mrs. Corwin, and five hundred and seventy-two acres conveyed to Thomas L. and R. F. Garrard, to be enforced pro rata according to the relative values of those tracts as ascertained by the commissioner’s report. From that judgment and a subsequent order for enforcing it Thomas L. and R. F. Garrard and Corwin and wife prosecute this appeal.
Of the attempt made after the first judgment was rendered to set up the proceedings of the previous suit of Garrard’s administrator v. Garrard’s heirs and creditors as a bar to the relief sought in this action, it will suffice to say that the action of the court in disregarding the amended answer is affirmed.
Except as to James C. Garrard, who relied on his equitable right to the land in his possession prior to the marriage, the *440 principal grounds of the defense were that the antenuptial agreement created only a contingent personal obligation on the part of Thomas L. Garrard, which was not a charge on him or any part of his estate, and could only take effect at his death, and be enforced as to such estate as he then owned; and he having a perfect right to alienate his property during his life, the conveyances to the defendants were valid as against the plaintiff’s claim.
If the judgment is not otherwise erroneous, the amount of the annuity adjudged does not appear to be excessive or unreasonable; nor do we conceive that it is, as supposed in the argument, necessarily essential to the validity of the judgment that the claim of Mrs. Garrard shoiild have constituted a lien on the land, or any particular part of the property owned by her husband during the marriage. But as the supposed existence of a lien as an incident of the contract seems to have been the ground of the decision of the circuit court, and the question thus arising may be important with reference to ulterior rights of the parties, and its determination has been urged in the argument, its consideration will not be avoided.
According to principles well settled by the courts of this country, as well as the English chancery, a contract between adult parties in treating of marriage, whereby the intended wife agrees to accept a provision or annuity in lieu of dower in the event of her surviving her husband, is generally a valid equitable jointure, which, if not rendered unavailable without her consent, will bar her right of dower. But unless it appears from the contract that the parties intended the stipulated provision or annuity to be a charge on the lands or other particular property of the covenantor, no lien will be implied, but the remedy for enforcing the contract will be the same as upon other personal obligations. (2 Story’s Eq. Juris., sec. 1231; 2 Scribner on Dower, 411; Drury v. Drury, 2 Eden, 68; Caruthers, &c. v. Caruthers 4 Brown’s Ch. Rep. 500.)
*441 In this case the contract furnishes no sufficient evidence of an intention to create a lien on the lands or other estate of Thomas L. Garrard as security for the performance of the agreement. It is argued that in such a case, unless a charge be created on the lands of the husband, the consideration of the wife’s relinquishment of her right of dower may fail by his alienating or dissipating his estate; and the contract might thus work irreparable injustice to her by depriving her of dower without any adequate compensation; but, as in a case of legal jointure, an eviction of the wife will remit her to her right of dower. So it has been held in the case of a contract for the payment of an annuity in lieu of dower, if the husband prevent its enforcement by disposing of his property, that would be such an equitable eviction as would relieve her of the contract, and entitle her to dower. (2 Scribner, supra, 409; 1 Washburn on Real Property, 266.)
As in this case the appellee did not seek even alternatively .to recover dower, the question is not before us for decision whether she might or not recover dower in the lands, if it be true, as contended for the appellants, that the conveyance to them operated to exempt the lands from liability to her claim.
But while we do not concur in the opinion of the circuit court that Mrs. Garrard had a prior lien on the estate which entitled her to preference over other creditors, we must affirm ' the judgment on other grounds. The obligation of Thomas L. Garrard, sr., to make the stipulated provision in lieu of dower, though conditional and dependent on his wife’s surviving him, was at the date of the conveyances an existing liability, and as it satisfactorily appears that the deeds to the appellants were made without any valuable consideration, they were embraced by the provisions of section 2, chapter 40, Revised Statutes, and void as to the claim of the appellee, which in a court of equity were properly enforceable against the land in the possession of the appellants.
*442 Whether the action was properly dismissed as to James C. Garrard or not, the error suggested, if there be any in that respect, could not affect the validity of the judgment for the plaintiff against the other defendants, who alone prosecute this appeal.
Wherefore the judgment in favor of the plaintiff is affirmed.