JUDGE PRYOR
delivered the opinion oe the court.
An indictment for murder was returned by the grand jury of Madison County against John Morgan; and upon his failure to answer the charge a writing, purporting to be a bail bond, conditioned for his appearance to answer the offense, was declared forfeited; and a summons having been issued against his sureties, judgment was rendered against them for the amount of the penalty — $1,500.
The sureties, in their answer in response to the summons, alleged that the bond was not taken by any court, magistrate, or any other officer or officers authorized by law to take bail, but that it was taken and attested by the county attorney. They also deny that any court, magistrate, or other officer authorized by law to take bail ever admitted John Morgan to bail, or determined in any way that there were reasonable grounds to believe him guilty of the crime of murder, and therefore the bond is not obligatory on them.
The bond is, “that John Morgan being in custody charged with murder, and being admitted to bail in the sum of $1,500, now we, John Morgan, principal, and the sureties (naming them), do hereby bind ourselves that the said John Morgan shall appear in the Madison Circuit Court on the 1st day of its next March term, and answer said charge. . . And if he fails in any of the above particulars we will pay to the commonwealth of Kentucky $1,500,” etc. Signed by the sureties, and attested by R. E. Little.
*86 The bond fails to show that it was taken by or acknowledged before two justices of the peace, or that it was executed in pursuance of any order or judgment of an examining court. Nor was this necessary in the event there had been a record or some memorandum in writing, made and signed by the justices, showing that Morgan had been tried by them as an examining court and held to bail.
The bail bond is in the usual form; still when the commonwealth undertakes a recovery upon such an obligation it must appear from the record of the trial, either in the regular order-book of the court or by some memorandum in writing, signed by the magistrate or justices, that the examining cotirt was held and the accused admitted to bail.
In this case there is no written evidence whatever that any trial was had, or that the accused (John Morgan) was admitted to bail. One of the justices states that he made a memorandum in an old execution-book at his house a day or two after the trial, that was never seen by the associate justice or returned to the circuit court, to the effect that a trial was had, and John Morgan held to bail in the sum of $1,500.
It may not be required that the minute or memorandum should be made on the day of the trial, although it should always be done; yet it is indispensable that some judgment should be entered or memorandum made by the examining court, showing that the accused was tried and admitted to bail, or denied bail.
The oral testimony in the case is that the two justices held the examining court, and admitted the accused to bail in the sum of $1,500; that the accused and his counsel, together with the attorney for the county and the sureties, crossed the street from the house in which the case was tried to some dwelling opposite, and there' the bail bond was executed. The bond was taken possession of by the county attorney, who held it in his hand, and informed the justices as he left the building that it *87 was all right. They never read the bond or knew who signed it; still they approved the sureties, who were in court when it was announced that bail would be allowed; and if there was any written evidence or order by the justices holding the accused to bail, the objection made as to the manner in which the bond was executed would be unavailing.
By section 63 of the Criminal Code the magistrate, or those holding the examining court, shall, within ten days, and before the commencement of the next term of the court to which the defendant is sent for trial, deliver to the clerk of the court the warrant, if any; the minutes of the examining court, etc.; the decision of the magistrate; the bail bond, if any; and the recognizance of the witnesses.
While the omission to comply with many of the provisions of this section must be regarded as a mere irregularity, we regard it as indispensable that the decision of the court requiring the party to give bail must, at least before there is a forfeiture of the bond, be filed in the circuit court. The failure to file the decision within the ten days is remedied by sec. 80 of the Criminal Code, and so are all other mere irregularities in the proceedings cured by the provisions of this section.
The failure to have written evidence of the fact that the party was admitted to bail by the justices is not a mere irregularity, such as can be remedied by the introduction of oral testimony.
Section 67 of the Criminal Code provides that “admission to bail is an order from a competent court or magistrate that the defendant be discharged from custody on bail;” and by section 68: “ The taking of bail consists in the acceptance by a competent court, magistrate, or officer of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that he will pay to the commonwealth the specified sum."
When an order of court is required to be made showing *88 the- proceedings in a case it means an order in writing; and although it was not necessary that the order allowing bail should be entered on the regular record-book of either justice, a memorandum on some paper, signed by the justices, was necessary to show what order was made or judgment rendered.
In this case it became necessary to show by oral testimony, first, that a trial was had; second, that bail was allowed; third, that the sureties were approved; and, lastly, that the bond was accepted by the justices. Such a loose practice, involving so many important rights, ought not to be indulged in. Nor is there any precedent to be found showing that even a judgment for costs by an inferior court can be shown to exist by parol proof, in the absence of the loss or destruction of the record, or its fraudulent alteration or spoliation. Nor ought the court to permit a judgment or order to be made by an examining court after a forfeiture of the bond, in the absence ■of proof showing the loss or destruction of the record or its fraudulent alteration.
There is no evidence showing that an examining court was held or that John Morgan was admitted to bail.
The judgment of the court below is reversed, and cause remanded with directions to award a new trial, and for further proceedings consistent with this opinion.