## Commonwealth v. L. T. Rasner and J. E. Martin.

(Decided April 18, 1917.)

### Appeal from Monroe Circuit Court.

1.  Bail—Defects in Antecedent Proceedings.—A bail bond will not be held to be invalid because of slight omissions or errors by the

court, where it appears that defendant was in custody, charged with a felony, and procured his release by the execution of the bail bond.

2.   Estoppel—Instruments Operating as Estoppel.—Parties to a recognizance or bail bond are estopped by the execution of it, to deny the truth of the recitals it contains.

M. M. LOGAN, Attorney General, and J. F. DENTON, County Attorney, for appellant.

BAIRD & RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This is a proceeding by the Commonwealth to recover upon a forfeited bail bond. Albert Rasner was arrested on a warrant issued by the county judge of Monroe county, charging him with having carnal knowledge of a girl under the age of sixteen years. This warrant bore date October 11th, 1916, and was issued upon an affidavit of said date, made by Layton Hume. The defendant, Rasner, was carried before the judge of the Monroe county court for examining trial and the return on the warrant is as follows:

"Executed by arresting Albert Rasner and delivering him to Joe S. Miller, Co. Judge of Monroe Co., October 12th, 1916. S. T. Hagan, S. M. C."

The defendant, Rasner, was not ready for trial upon that day and on his motion the hearing was passed and set for trial on the 18th of the same month. He was required to and did execute a bail bond in the penal sum of seven hundred ($700.00) dollars for his appearance on the day of trial, with L. T. Rasner and J. E. Martin as sureties. On the calling of the case on the 18th day of October, the Commonwealth announced ready for trial, but the defendant, Albert Rasner, failed to answer, having in the meantime escaped to parts unknown. Thereupon the said county judge, upon motion of the attorney for the Commonwealth, endorsed on the bond "Forfeited, October 18th, 1916. Joe S. Miller, J. M. C. C." On the docket of the court, the judge in his own handwriting, made the following endorsement: "Defendant failed to appear in court when the case was called. Bond forfeited." But this last minute was not signed by the judge, but an order was entered on the order book of the Monroe county court in due form, forfeiting the said bond, and this order was signed by the judge.

A copy of the bond was then filed in the Monroe circuit court, and process issued against these appellees, L. T. Rasner and J. E. Martin, which process was duly executed, and appellees filed a demurrer to the proceeding, attacking it because the *record* failed to show grounds for any forfeiture of the bond and because the bond filed did not name any public offense of which the defendant was charged, nor the nature of the charge for which the bond was taken. Without waiving this demurrer, appellees filed answer alleging that there was no order of court directing or permitting Albert Rasner to give bond, or discharging him from custody on the said bail bond, or requiring him to appear in any court to answer said charge, or authorizing any court or magistrate to accept such bond, and that there was no record or memorandum made by the court requiring said bail bond of the said Rasner, delivered to the clerk of the circuit court, and also denying the existence of any such record. The allegations of this answer were controverted of record by agreement of the parties. Thereupon the Commonwealth filed a certified copy of the affidavit filed in the county court upon which the warrant was issued against Albert Rasner, also a copy of the warrant with the return of the sheriff thereon, a copy of the county court docket, showing the style of the case, the date of the issual of the warrant and the docketing of the case, the nature of it, the execution of the warrant, and the delivery of the defendant to Joe S. Miller, County Judge of Monroe County, trial set for October 18th, 1916, defendant discharged on bail; defendant failed to appear in court when the case was called; bond forfeited, It also contained a copy of the order of the Monroe county court forfeiting the bail bond of Albert Rasner. County Judge Miller was also called as a witness and testified with reference to the proceeding had in his court. Upon this record the case was submitted for judgment, whereupon the circuit court dismissed the proceeding upon the ground that there was no order or memorandum made or signed by the judge of the county court, fixing the bail or admitting Rasner to bail at the time and before the execution of the said bond, and for this reason the bond is void.

Section 85 of the Criminal Code, says:

"No bail or bail recognizance shall be deemed invalid by reason of any variance between its stipulations

and the provisions of this code, nor by the failure of the magistrate or officer, to transmit or deliver the same at the time herein provided, nor by any other irregularity, provided it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged by reason of the giving of the bond or recognizance, and provided it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for the examination of the charge, or before a court for the trial thereof.'' . . . .

The defendant was in custody, charged in a warrant, issued by the county court, with the crime of having sexual intercourse with a girl under the age of sixteen years, and was discharged by reason of the giving of the bond and it is easily ascertained from the bond that the surety, L. T. Rasner and J. E. Martin, undertook that the defendant should appear before the county judge, on the 18th day of October, for the examination of the charge. This is all shown, not only by the warrant, the return of the sheriff, and the endorsement or memorandum of the county judge, made on the warrant, and on his trial docket, but it is more fully shown on the face of the bond executed by these appellees. In the recent case of Husbands v. Commonwealth, 143 Ky. 290, which was similar in fact to the one at bar, the court said:

''The bond before us shows all these facts. When the bench warrant was issued and put in the hands of the officer, it was not essential that he should seize the person of the defendant before the execution of the bond. The bail could waive this, and having stipulated in the bond that the defendant was in custody, he can not now be heard to say to the contrary.''

The bond recites the fact that Rasner is in custody charged with a felony, and is admitted to bail in the sum of $700.00, and that appellees undertook that he would at all times render himself amenable to the orders and process of the court or else pay to the Commonwealth the said sum. The sureties in the bond will not now be heard to deny the recitals of the same. In the case of Husbands v. Commonwealth, *supra*, it is said:

''It will be observed that the bond recited that Will Husbands is in custody. Parties to a recognizance or bail bond are estopped by the execution of it, to deny

the truth of the recitals it contains. We have often applied this principle in the case of executors and guardians, holding that their sureties are estopped to deny the fact of their appointment, which is recited in the bond. We see no reason why the same principle should not be applied to a bail bond."

This bond was in the usual form, except in filling it out, the offense is named "felon," meaning, no doubt, "felony." This was a slight clerical error. Such a bond should name the offense, but under section 85 of the Criminal Code quoted, such slight omissions do not amount to reversible error in a case like this; in fact, all such minor mistakes, are not to be considered.

In the case of the Commonwealth v. Perkins, 32 S. W. 134, the same question made there is here raised with reference to the failure of the county judge to sign an order or memorandum that the bond was authorized or accepted by the court. In that case this court said:

"It (the bond) is the usual form of bond for such cases, and the objection that the *record* fails to show that the bond was accepted by the court is not available. It is apparent that it was accepted, from the proceedings in the case, and while it is a loose practice to omit such entry, still it is not questioned, but that the execution of this bond released the defendant from custody, and it was competent to show this fact by parol, because supported by the record proceedings in the case."

The record of the county court proceedings are incomplete, but not fatally so. Hardly, if ever, do the records of an examining court show all the steps taken. A defendant is brought before the court upon a warrant, charged with the commission of a public offense; the case is docketed, and the charge set opposite the name of the defendant; if he be not ready for trial, he is given an opportunity to execute bond for his appearance on the day fixed. If he execute bond, it is taken and accepted by the judge, and filed with the warrant, but seldom is there any record made upon the order books or even the docket in greater detail or more complete than was done in this case. To require the examining court to make a complete record and show all the steps taken as is done in the circuit court would not only be a burden and a hindrance but would be too high a standard to expect. Moreover, the defendant should not be permitted to take advantage of a slight omission where

he is the beneficiary.  It is his bond.  The court only accepted it at defendant's instance.

We think that the records filed by the Commonwealth in this case fully support the case of the Commonwealth, and the trial court erred in failing to so hold. For these reasons the judgment is reversed with directions to enter a judgment upon the bond in favor of the Commonwealth, and other proceedings not inconsistent with this opinion.

Judgment reversed.