## Clendennen v. Commonwealth.

### (Decided May 12, 1922.)

### Appeal from Whitley Circuit Court.

1. Bail—Defect in Antecedent Proceedings.—The failure of the examining court to file the papers and records of an examining trial in the office of the clerk of the circuit court within the time required by section 70 of the Criminal Code,

is a mere irregularity under section 85, that does not invalidate the bail bond executed by the accused for his appearance in the circuit court, but it is indispensable that the decision of the examining court requiring the accused to give bail shall be filed in the trial court before a forfeiture is adjudged.

2. Bail—Certificate of Examining Court Conclusive.—The certificate of the examining court that the defendant was brought before him on a charge of sodomy and that the defendant executed bond to answer said charge in the circuit court will be accepted as conclusive that the accused was legally in custody charged with a public offense, where the only evidence offered to refute the same is a copy of an undated warrant filed by the defendant, that attempts but fails to charge that crime and which the examining court certifies is a true copy of the original, but which does not appear ever to have been executed.

3. Bail—Validity of Bond.—A bail bond required by the county judge sitting as an examining court is not invalid because executed before an acting county judge who presumably had been appointed and was acting as such pursuant to section 1059, Kentucky Statutes.

4. Bail—Defect in Antecedent Proceedings.—Under section 85 of the Criminal Code, a bail bond is not invalid because of any mere irregularities in the proceedings, and a judgment of forfeiture will not be reversed provided it was made to appear before the forfeiture was adjudged that the defendant was legally in custody, charged with a public offense, that he was discharged by reason of giving the bond and that the bail undertook that he would appear before the court for trial thereof.

R. L. POPE and WALTON PERKINS for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, J. B. SNIDER and W. B. EARLY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

An indictment for sodomy was returned by the grand jury of Whitley County against the appellant, Frank L. Clendennen, and upon his failure to answer the charge a $200.00 cash bond furnished by him in lieu of bail in the examining court for his appearance in the circuit court was adjudged forfeited, and he has appealed.

1. The first ground urged for reversal is the failure of the examining court to file the papers and records of the examining trial in the office of the clerk of the circuit court within ten days before the commencement of the next term of that court, as directed by section 70 of the Criminal Code.

Section 85 of the Criminal Code expressly provides that such a failure, and other mere irregularities, shall not invalidate a bail bond. It was held, however, in Morgan v. Commonwealth, 12 Bush 84, in construing these Code provisions that it was indispensable that the decision of the examining court requiring the accused to give bail shall be filed in the trial court at least before the forfeiture is adjudged. As a certified copy of the examining court's order requiring defendant to give bond was filed in the circuit court by the defendant before the judgment of forfeiture appealed from was entered, it follows this contention is without merit.

2. It is next insisted that the warrant upon which the defendant was arrested and tried in the examining court did not charge sodomy or any other public offense, and that for this reason the bond was void and the forfeiture unauthorized. It it true that this court held in Poindexter v. Commonwealth, 118 S. W. 943, that the acts set forth in the warrant, a certified copy of which defendant has filed herein, do not constitute the crime of sodomy, but that case does not hold and we do not concede that the revolting acts charged in the warrant do not constitute any public offense.

However, we need not now discuss either this latter proposition or the Poindexter case, since the bond cannot, upon this record, be held invalid even if the warrant appellant has filed herein as the basis of this contention does not charge any public offense.

There is nothing whatever in the record to indicate that defendant was arrested or tried under this warrant unless it be inferred from the certificate of the county judge attached thereto, that "This is a true copy of the original." The warrant is undated, and there is no return of any kind endorsed thereon, nor is there anything to show that it was in fact the basis of the prosecution.

On the other hand, the examining court has certified that the defendant was brought before him "on the charge of sodomy," and this we must accept as conclusive that defendant was "legally in custody charged with a public offense" when he executed the bond, rather than to assume that he had been arrested and tried under an undated warrant that does not charge the offense and which bears no return or evidence of execution.

3. The next insistence is that the bond is void because taken by an acting county judge instead of the reg-

ular county judge who held the examining trial and required the bond to be executed. The basis for this contention is found in the fact that defendant's receipt for his cash deposit in lieu of bail, which he has filed herein, is signed "W. R. Henry, acting judge Whitley county court," and is dated February 11, 1921, whereas A. J. Silcox, who was the regular county judge, has certified as follows:

"WHITLEY COUNTY COURT.

"The Commonwealth, ........................................................Plaintiff.

vs.

"Frank L. Clendennen, ........................................................Defendant.

"The defendant was brought before me on a charge of sodomy and after the court investigating the matter and being advised by the county attorney, the court's opinion was that the defendant should be held for the grand jury to convene February 21, 1921. The defendant was sent to jail and on the same day the defendant put up a money bond of $200.00 for his appearance at the above time mentioned. This February 11th, 1921.

"A copy attest.                              "A. J. SILCOX."

It will be noticed that this order does not state with whom the $200.00 was deposited by the defendant, but the inference to be drawn from the language employed would be that the deposit was made with the regular county judge, who seems to have held the examining trial.

But assuming that the bond was accepted by Mr. Henry as acting county judge, and that the trial was held and the orders requiring the execution of the bond were entered by Mr. Silcox, the regular county judge, as is contended by appellant, we are yet of the opinion that the bond was not thereby rendered invalid. Section 1059, Kentucky Statutes, provides, in part, that:

"Whenever the county judge shall be absent or unable from any cause to attend or hold the county court or preside at any trial or prosecution, he shall appoint and designate by order entered on the order book of the county court, a county judge *pro tem*. Said county judge *pro tem* shall possess all the qualifications required by law of the regular judge and the regular county judge shall be liable upon his bond for the action of said appointee."

The record offers no explanation of why, after the regular county judge had presided at the trial, held the defendant to answer the charge in the circuit court and committed him to jail, the bond should have been executed on the same day before an acting county judge; but presumably this was because the regular judge had been called away after holding the trial and before the execution of the bond, and that he had, in the manner the above statute authorized him to do, appointed Mr. Henry as acting judge for this very purpose.

Hence, even if we accept defendant's receipt rather than the certified order of the regular county judge as proof of who accepted the bond, which hardly seems authorized, it is still clear that it was accepted by an officer having the authority so to do. Moreover, section 71a-8, Criminal Code, provides that, "A bond for the appearance of the defendant at any court shall be valid when taken by any officer having the power and right to sit as an examining court, or who does in the case, sit as an examining court."

Clearly, therefore, the bond is valid whether taken by the regular county judge who held the examining trial, as his certified copy of the proceedings thereof indicates, or by an acting county judge appointed by him for the purpose, as is the inference to be drawn from the fact that defendant's receipt for the cash deposited is signed by such an officer.

Under this head, the appellant, although admitting that A. J. Silcox was the regular county judge, and although he, himself, filed a copy of the proceedings of the examining trial which is attested as a true copy by A. J. Silcox, now seeks to exclude this paper as evidence because of the fact that Mr. Silcox did not affix to his signature his official title. Obviously he cannot thus destroy in this court the validity of a written instrument introduced and relied upon by him in the trial court as an official copy of a public record.

4. The final contention, that the bond or recognizance was not validly conditioned, merits but little consideration. The record shows that the $200.00 was deposited by the defendant in lieu of required bail and his release from custody thereby secured, upon condition that he would appear in the circuit court on February 23rd, 1921, to answer the charge of sodomy, and this he did not do. Section 85 of the Criminal Code, already referred to, covers this and probably the other irregularities already

disposed of, as it provides, not only that mere irregularities shall not invalidate the bond, but prescribes the essential requirements for a forfeiture. In so far as applicable it is as follows: "No bail bond or bail recognizance shall be deemed to be invalid by reason of any variance between its stipulations and the provisions of this Code, nor by the failure of the magistrate or officer to transmit or deliver the same at the time herein provided, nor by any other irregularity, provided it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged by reason of the giving of the bond or recognizance, and provided it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for the examination of the charge, or before a court for the trial thereof."

As we have already attempted to show, it was made to appear, before the forfeiture was adjudged as this section provides, that the defendant was legally in custody, charged with a public offense, and was discharged by reason of giving the bond, and that he undertook that he would appear before the circuit court at a definite time for trial.

We are therefore of the opinion that the court did not err in adjudging the forfeiture, and the judgment is affirmed.