## Scearce and Naylor v. Commonwealth.

(Decided December 2, 1924.)

## Appeal from Fulton Circuit Court.

1. Bail—Order of Recognizance Held to have Definitely Fixed Amount of Bail.—An order of recognizance, reciting that sureties acknowledged themselves indebted to Commonwealth in sum of $500.00, to be void, etc., held to have sufficiently fixed amount of bail.

2. Bail—Order of Recognizance, Though Not Showing Defendant was in Custody and was Discharged by Reason of Giving of Recognizance, Held Valid.—An order of recognizance, though not showing that defendant was in custody and was discharged by reason of giving of recognizance, held valid in view of Criminal Code of Practice, section 85, where another order entered the same day showed that defendant was brought into court by bondsman, surrendered to court, and placed in custody of jailer.

W. J. WEBB and MOORE & STAHR for appellants.

T. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General, and F. B. MARTIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellants, Scearce and Naylor, became surety of one Jim Ammons, Jr., in an appearance recognizance in the Fulton circuit court in the sum of $500.00, on a charge of robbery. Ammons failing to appear to answer the charge in the indictment the recognizance was forfeited and summons issued for the sureties, Scearce and Naylor, at the May term, 1923. The order of forfeiture made in the Fulton circuit court on the 7th day of May reads:

"The defendant (Ammons) being on recognizance for the sum of $500.00 and failed to appear was ordered called three times by the sheriff; he answered not; the bond is ordered forfeited and summons is awarded for Jim Ammons, Jr., R. B. Scearce and J. W. Naylor, bondsmen herein, to show cause, if any, they may have, why judgment should not be had against them on account of the forfeiture."

The sureties appeared and filed a general demurrer to the forfeiture, but without waiving the demurrer filed response in which they denied their liability on the bond

for the reason that the bond was signed in blank; and further, attempted to excuse the absence of Ammons from court by pleading that he was accidentally injured in Union City, Tennessee, while unloading an automobile truck; that his injuries were so severe he was carried to a hospital where he received treatment, and was at the time of the calling of the case physically unable to be in court. The court after hearing adjudged the response insufficient and adjudged the Commonwealth recover of the sureties, Scearce and Naylor, the sum of $500.00, with interest and cost. From the judgment so holding this appeal is prosecuted.

Appellants deny their liability upon the bond (1) because no order was made fixing the amount of the bail; (2) it does not appear from the order of recognizance that the defendant was in custody at the time it was taken and no order was made showing he was discharged from custody upon or by reason of the recognizance. Ammons was on bond waiting the assembling of the grand jury at the January term of the Fulton circuit court. He failed to answer and the bond was forfeited on the 16th of January, 1923. Appellants were his sureties in that bond. Later and upon the same day this order was made:

"Came R. B. Scearce, bondsman, and surrendered defendant (Ammons) in open court on the two indictments herein. He is then ordered into custody of the jailer. Drs. Hubbard and Morrison are directed to examine the defendant and report to the court as to his physical condition; then came Drs. Hubbard and Morrison and filed written report."

The written report filed by the doctors was sworn to and reads as follows:

"Dr. J. M. Hubbard and Dr. J. C. Morrison, being duly sworn, state that after examination of Jim Ammons they are of the opinion that he is physically able to stand trial at this term of court."

This report shows to have been filed on January 16, 1923. On the same day the order of recognizance which was later forfeited, was entered. It reads:

"Came R. B. Scearce and J. W. Naylor and acknowledged themselves indebted to the Commonwealth of Kentucky in the sum of $500.00, to be void,

however, if the defendant, Jim Ammons, Jr., appears at the next term of court to answer the above indictment and to render himself amenable to the orders and process of the court, and if he fail to do so, will pay the Commonwealth of Kentucky the sum of $500.00.''

It will be observed that appellants' first contention that the order of recognizance fixed no bail is without merit; the order expressly fixes the sum of $500.00. Indeed, a former order of the court had fixed his bail at $500.00.

The second contention of appellants is as groundless as the first. What could be more obvious than that Ammons, the principal in the bond, was in custody at the time of the taking of the recognizance in which appellants were sureties? The order of the court made upon the day the recognizance was taken shows that appellant was brought into court by his bondsmen and surrendered to the court, whereupon he was placed in the custody of the jailer. The defendant, therefore, was in custody at the time of the taking of the recognizance. It was not essential to the validity of the order of recognizance that his custody be shown, nor that he was released by reason of the recognizance, if these facts otherwise appear. The order of recognizance should have been fuller, containing a recital of the facts, (1) that defendant was in custody charged with the crime of robbery, and (2), that upon the taking of the recognizance in which appellants were surety Ammons was discharged from further custody in pursuance to the terms of the recognizance. Other parts of the record, however, conclusively established these facts. Recognizing the frailty of human beings and their likelihood to err even in the taking of a bond or recognizance, the General Assembly of Kentucky, by section 85 of the Criminal Code, passed a curative statute, making every bond or recognizance in a criminal case effective if it substantially show that the defendant obtained his liberty through and by reason of the bond or recognizance. This section, so far as it affects the subject we have in hand, is in these words:

"No bail bond or bail recognizance shall be deemed to be invalid by reason of any variance between its stipulations and the provisions of this Code, nor by the failure of the magistrate or officer

to transmit or deliver the same at the times herein provided, nor by any other irregularity, provided it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged by reason of the giving of the bond or recognizance, and provided it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for the examination of the charge, or before a court for the trial thereof.''

The orders of the court made in connection with the custody and discharge of Ammons manifest the facts that the defendant was legally in custody charged with a public offense and was discharged by reason of the giving of the recognizance, and, further, that the sureties undertook that the defendant should appear before the Fulton circuit court for trial at' a named time. The irregularities in the recognizance did not invalidate it. We so held in the recent case of Clendennen v. Com., 194 Ky. 741.

We are of opinion the trial court properly adjudged the sureties liable upon the recognizance.

Judgment affirmed.