### Garner v. Commonwealth.

(Decided October 29, 1926.)

Appeal from Pulaski Circuit Court.

Bail—Bail Bond Held Not Invalid for Failure to Name Offense, where Reference to Indictment, Order Admitting Bail, and Bench Warrant Disclosed Offense (Criminal Code of Practice, Section 85).—On prosecution for child desertion, where defendant's name in bail bond was written in space intended for name of offense, such bond was not invalid, in view of Criminal Code of Practice, section 85, for failure to name offense, where reference to indictment, order admitting to bail, and bench warrant, disclosed offense, and in his response to summons to show cause why bond should not be forfeited, defendant admitted he signed bond knowing it was for his appearance to answer indictment charging offense.

DENTON & PERKINS for appellant.

FRANK E. DAUGHERTY, Attorney General, and WALTER N. FLIPPIN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Omer Garner was indicted in the Pulaski circuit court on June 9, 1924, charged with child desertion and his bond was fixed at five hundred dollars, which he executed with appellant as surety thereon. The case was continued by agreement to the February, 1925, term of the court, and thereafter at the May term, Omer Garner

failing to appear, the bond was forfeited. In response to a summons to show cause why judgment should not be rendered against him for the amount of the bond the appellant filed an answer to which a demurrer was sustained. Judgment was entered and appellant then filed a motion to set it aside and grant him a new trial on the ground that the bond was invalid. The bond was in the usual form with blank spaces for the name of the accused and the offense charged. The space intended for the name of the accused was left blank and his name was written in the space intended for the name of the offense. The bond was as follows:

"...............................being in custody charged with ...............Omer Garner...............and being admitted to bail in the sum of five hundred dollars, therefore, we do hereby undertake that the above named Omer Garner shall appear in the circuit court on the 20th day of October, 1924, to answer said charge, and shall at all times render himself amenable to the orders and process of said court in the prosecution of said charge, and if convicted shall render himself in execution thereof; or if he shall fail to perform either of these conditions that we shall pay to the Commonwealth of Kentucky the sum of five hundred dollars.

"Witness our hand, this 10th day of June, 1924.

"OMER GARNER.

"GEORGE W. GARNER.

"Subscribed and acknowledged in presence of C. I. Ross, S. P. C., by R. H. Humble, D. S."

It is insisted for appellant that the bond is invalid on account of the failure to name the offense with which the defendant, Omer Garner, was charged.

Section 82 of the Criminal Code provides that the bail bond shall be substantially as therein prescribed.

Section 85 of the Criminal Code, in so far as it is applicable to the matter in hand, is as follows:

"No bail bond or bail recognizance shall be deemed to be invalid by reason of any variance between its stipulations and the provisions of this Code, nor by the failure of the magistrate or officer to transmit or deliver the same at the times herein provided, nor by any other irregularity, provided it be

made to appear that the defendant was legally in custody charged with a public offense, and that he was released by reason of the giving of the bond or recognizance, and provided it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for the examination of the charge, or before a court for the trial thereof.''

It will be noted that there are four requirements essential to the validity of a bail bond.  It must be made to appear (1) that the defendant was legally in custody, (2) that he was charged with a public offense, (3) that he was released by reason of the giving of the bond and (4) that it can be ascertained from the bond that the defendant should appear before a magistrate for the examination of the charge, or before a court for the trial thereof.

It is appellant's contention that all of these requirements must be ascertained from the bond and he relies upon the following authorities: Simpson v. Commonwealth, 1 Dana 523; West v. Commonwealth, 3 J. J. Mar. 641; Roberts v. Commonwealth, 7 Bush 440; Henry v. Commonwealth, 4 Bush 427, and Commonwealth v. Nickols, 17 Kentucky Law Rep. 1173.

The Simpson and West cases were decided before the adoption of section 85 of the Criminal Code, which was section 79 of chapter 896 of the Acts of 1854, and which became effective on July 1, 1854.  In the Roberts case the order of recognizance merely recited that the defendant and his sureties ''were duly recognized in the sum of two hundred dollars, conditioned as the law directs.''  The court held that these conditions should have been fully set out in the recognizance, or at least in the minutes of the examining court, reciting the execution of same, so that it could have been ascertained therefrom that the bail undertook that the defendant should appear before some court of competent jurisdiction for an examination of the charge, or for the trial thereof. In the Henry case it was merely held that the recognizance was defective for the reason that it could not be ascertained from it that the bail undertook that the defendant should appear before a magistrate for the examination of any charge, or before the court for trial thereon.  In the Nickols case the defendant was held to

bail in the Horse Cave police court, in Hart county. The bail bond recited that the defendant was in custody charged with unlawfully selling liquor in Cave City, which is in Barren county, and the bond was held to be invalid since the police court of Horse Cave had no authority to take bail for the appearance of a defendant in that court for trial for an offense committed in another county.

In Scearce and Naylor v. Commonwealth, 205 Kentucky 839, 266 S. W. 657, the order of recognizance failed to show the defendant was in custody at the time the recognizance was taken. The court said:

> "It was not essential to the validity of the order of recognizance that this custody be shown, nor that he was released by reason of the recognizance, if these facts otherwise appear. The order of recognizance should have been fuller, containing a recital of the facts, (1) that defendant was in custody charged with the crime of robbery, and (2) that upon the taking of the recognizance in which appellants were surety Ammons was discharged from further custody in pursuance to the terms of the recognizance. Other parts of the record, however, conclusively established these facts. Recognizing the frailty of human beings and their likelihood to err even in the taking of a bond or recognizance, the General Assembly of Kentucky, by section 85 of the Criminal Code, passed a curative statute, making every bond or recognizance in a criminal case effective if it substantially show that the defendant obtained his liberty through and by reason of the bond or recognizance."

It is clearly the meaning of section 85 of the code that resort may be had to the record to show that the defendant was legally in custody charged with a public offense and that he was released by reason of the giving of the bond. If it can be ascertained from the bond that the bail undertook that the defendant should appear before a magistrate for the examination of the charge or before a court for the trial thereof, the other matters necessary to the validity of the bond may be shown by means other than the bond. Commonwealth v. Pierce, 4 Kentucky Law Rep. 247; Allen v. Commonwealth, 24 Kentucky Law Rep. 2257, 73 S. W. 1027. In the instant

case a reference to the indictment, order admitting to bail and the bench warrant discloses the offense with which the defendant was charged. In his response to the summons to show cause why the bond should not be forfeited the appellant admits he signed the bond knowing it was for the appearance of the defendant, Omer Garner, on a definite day in the Pulaski circuit court to answer an indictment charging him with deserting his children.

We, therefore, conclude that every essential fact is made to appear from the bond and the record in the case, and there being no plea that appellant was in any way deceived or misled in the execution of the bond the judgment is affirmed.