## Hicks v. Commonwealth.

(Decided Nov. 9, 1934.)

BLAKELY & MURPHY for appellant.

BAILEY P. WOOTTON, Attorney General, DAVID C. WALLS, Assistant Attorney General, and G. MURRAY SMITH, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On June 11, 1932, T. R. Guyn, county judge of Jessamine county, upon affidavit filed before him, issued a warrant for the arrest of Foley Robinson, whereby the arresting officer was directed to bring him before the county judge for the purpose of an examining trial upon the charge of bank robbery therein named and which was also contained in the affidavit for the issuing of the warrant. The warrant was executed and Robinson was subjected to some kind of hearing before the

county judge wherein he made this order: "This cause coming on to be heard and the defendant being under arrest and charged with Bank Robbery and evidence being heard and it appearing to the Court that there was reasonable grounds for believing that a felony has been committed and that the defendant be held to the Nov. term of the Jessamine Co. Grand Jury."

No other entry of any kind or character was made by him on his docket, or other book or paper in his office, or elsewhere. Following that entry, but the date not being shown, the accused Robinson, the appellant, Jacob Hicks, and one Mrs. G. T. Woods, signed a paper in these words: "Jessamine Quarterly Court, J. Foley Robinson being in custody charged with the offense of Bank Robbery and being admitted to bail in the sum of $7,500.00, now we J. Foley Robinson, L. C. Clemmons of Jefferson, S. Cincinnati and G. T. Woods of Wilmore Kentucky—County Kentucky, hereby undertake that the above named J. Foley Robinson will appear in the Jessamine Circuit Court on the 7th day of November, 1932 to answer said charge and will at all times render himself amendable to the orders and process of said Court in the prosecution of said charge and if convicted will render himself in execution thereof, or if he shall fail to perform either these conditions that we will pay to the Commonwealth of Kentucky the sum of $—— Dollars."

A subsequent grand jury in and for the county indicted Robinson for the offense charged in the warrant, but when he was called for trial thereof he failed to answer and the proper orders were taken to enforce the forfeiture of the alleged bail bond executed under the circumstances named. Appellant, Hicks, and his co-obligor Mrs. Moore, responded to the rule issued against them and relied therein on two grounds as reasons why judgment should not be rendered against them for the amount named in the paper they had signed, and which were: (1) That their principal (Robinson) had since its execution been arrested and tried for a felony committed in the state of Ohio in which he was convicted and punished by confinement in the penitentiary of that state and was so confined at the time the forfeiture was taken, and at that time, and would so continue to be, unless sooner released, until the expiration of his term of imprisonment, which was twenty-five years; and (2) that under the facts as above outlined, and which were set out with elaboration, the paper denominated as a

bail bond was invalid and void for various reasons, two of which were (a) that the examining court had nowhere made or signed any order or other writing admitting the accused Robinson to bail, nor (b) did he in writing make any order fixing the amount thereof, both of which respondents alleged were necessary in order to make the document upon which they were sought to be made liable an enforceable one. The court sustained the commonwealth's demurrer filed to both defenses 1 and 2 made in that response and upon a declination to plead further judgment was rendered against each respondent for $7,500, the amount named in the alleged bail bond, and to reverse it Hicks prosecutes this appeal. He made no point about his name not appearing in the body of the bond as an obligor therein.

1. Considering the grounds relied on in the order named, we find it necessary to devote but little space or time to ground (1), contained in the response, since counsel has abandoned it in this court, which he was compelled to do in view of our holding in the case of Briggs v. Commonwealth, 185 Ky. 340, 214 S. W. 975, 8 A. L. R. 363, and cases therein referred to. It is therein pointed out that the defense of present incarceration of the accused so as to disenable him to comply with the provisions of his bail bond will not be available to the sureties as a defense to forfeiture proceedings against them, unless such incarceration of their principal was made and brought about by the same jurisdiction in whose favor the bail bond was executed; but that an imprisonment of the accused by a foreign court for the violation of its criminal laws furnishes no defense. The demurrer of the commonwealth to the response was, therefore, properly sustained to its paragraph setting up ground (1).

2. Section 72 (formerly section 67) of the Criminal Code of Practice says: "Admission to bail is an order from [a] competent court or magistrate, that the defendant be discharged from actual custody on bail." The next section (73, and which was formerly 68) says: "The taking of bail consists in the acceptance by a competent court, magistrate or officer of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the Commonwealth the specified sum." In the case of Morgan v. Commonwealth, 12 Bush, 84, we had before us for determination the identical de-

fenses of (a) and (b) of this ground, and we held that the alleged bail bond executed in that case was invalid because neither of sections 72 and 73, supra (which were sections 67 and 68 of the then Criminal Code of Practice), was complied with by the examining court in which the alleged bond purported to be executed, i. e., that there was an entire absence of any written order (perfect or imperfect) signed by the magistrate admitting the accused to bail and fixing the amount thereof, nor any order or entry on the bond or elsewhere accepting the executed paper for the purposes for which it was made. That conclusion was reached, notwithstanding the provision of the present section 85 of the same Code, which was section 80 of the then prevailing one. The substance of that opinion was and is that the requirements of the first two named sections were mandatory and that the latter section (85 but then 80) did not dispense with a substantial compliance with such mandatory requirements of those two sections, and that it was incompetent to supply such omissions by oral proof, which, however, was not even attempted in this case.

The ruling in the Morgan Case was expressly approved and followed by us under like manifested facts in the case of Commonwealth v. Riffe, 49 S. W. 772, 20 Ky. Law. Rep. 1608, and in each of those opinions other analogous domestic cases are referred to with like approval. Compare also the case of Howerton v. Commonwealth, 137 Ky. 73, 122 S. W. 173. The conclusion announced in the Morgaan and Riffe Cases has never been departed from so far as we have been able to discover, and also so far as diligent counsel have been able to do so. The substance of those opinions is, that the two sections of the Criminal Code (72 and 73) are, as we have said, mandatory, and that the following liberalizing section 85 (but formerly 80) of the same Code relates to other matters and requirements that are not mandatory but formal and directory, and that its provisions do not dispense with such mandatory requirements being, either literally or substantially, complied with.

However, an insistence is made that the doctrine of those two cases (Morgan and Riffe) was not followed and were impliedly overruled in the later case of Commonwealth v. Rasner, 175 Ky. 133, 193 S. W. 1011. But a careful reading of that opinion will disclose that the record evidence relied on by the commonwealth, and

which it introduced in the trial of the forfeiture proceedings, disclosed that the accused was ''discharged on bail''; that he and his sureties had executed the bond ''and was discharged by reason of the giving of the bond.'' In other words, it was shown in that case that the adjudged mandatory requirements, determined to be necessary in the Morgan and Riffe Cases, had been substantially complied with, and the same was true in the case of Husbands v. Commonwealth, 143 Ky. 290, 136 S. W. 632. Perhaps if the alleged bond in this case had been approved in writing by the officer before whom it was required to be taken (County Judge Guyn in this case), its recitations would possibly have been sufficient in view of section 85 to relieve this case from the vice pointed out in the Morgan and Riffe Cases; but no such approval appears on the paper here involved, and from its face (with the total absence of any record evidence to the contrary) it appears to be nothing more than an ex parte transaction with no representative of the commonwealth having any voice in its execution. We say that if such written and signed approval had appeared on the bond, it may have supplied the defects relied on because of the latitudinous provisions of section 85 of the Criminal Code of Practice, supra, and neither the Husbands nor the Rasner opinion goes any further than that. The written approval signed by the committing magistrate would supply the otherwise total absence of any sort of record proof of what the court had done in the premises, and might also supply the omission of a more formal evidencing of it by putting it on the court's record. To adopt the interpretation that the commonwealth is insisting on in this case would be a virtual repeal of or dispensing with sections 72 and 73, supra, of our Criminal Code of Practice, but which we declined to do in the cases supra, and we are not persuaded that we should do so now.

It follows that the court erred in sustaining the commonwealth's demurrer to the paragraph of the response relying on ground (2), and for which reason the judgment is reversed, with directions to set it aside and overrule the demurrer to it, and for proceedings consistent with this opinion.