# Wilson Machinery & Supply Co. v. Fidelity & Casualty Co. of New York.

(Decided Nov. 30, 1937.)

WILLIAM A. MINIHAN and WILLIAM E. NICHOLS for appellant.

DYSARD & TINSLEY for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Wilson Machinery & Supply Company brought this action against E. E. Gordon and D. W. Greer, alleged to be partners doing business under the firm name of E. E. Gordon & Co., and the Fidelity & Casualty Company of New York to recover the sum of $993.92, the balance due for materials and supplies sold to E. E. Gordon & Co. and used by it in the construction of a waterworks system for the Grayson Water Company. It alleged in its petition that E. E. Gordon and D. W. Greer executed and delivered to the Grayson Water Company an indemnifying bond by which they bound themselves to pay all lawful claims of subcontractors, materialmen, and laborers for labor performed and ma-

terials furnished in performing the contract for the construction of the waterworks system, and that the Fidelity & Casualty Company of New York signed the bond as surety. By agreement of the parties, the case was tried by the court without the intervention of a jury, and, from the judgment dismissing the petition as to the Fidelity & Casualty Company of New, York, the plaintiff has appealed.

The facts follow: The Grayson Water Company advertised for sealed bids for a contract for the construction of a waterworks system at Grayson, the bids to be opened September 9, 1931. E. E. Gordon was a contractor without financial resources. D. W. Greer had $10,000 on deposit in a building and loan association in Portsmouth, Ohio, and owned real estate in that city. He had never engaged in the contracting business, but he and Gordon were friends, and, at the solicitation of Gordon,, he agreed to enter into a partnership under the firm name of Gordon & Greer for the purpose of submitting a bid to the Grayson Water Company for the construction of its water plant, provided he was able to raise sufficient funds to finance the work if they were the successful bidders. He and Gordon applied to the Fidelity & Casualty Company of New York at its Portsmouth office for a bond guaranteeing that, if the contract with the Grayson Water Company should be let to Gordon & Greer, a partnership, the Fidelity & Casualty Company would execute a bond guaranteeing performance of the contract. The bid bond was executed by the company. On account of the economic and financial conditions then existing, Greer was unable to withdraw any of his funds from the building and loan association, and he notified Gordon that he would not proceed further with their plan to submit a bid for the contract to construct the waterworks system. Gordon was at Grayson on the day advertised for the letting of the contract, and submitted a bid signed "E. E. Gordon." He was the lowest bidder, and the contract was let to him. He went at once to Portsmouth, Ohio, and represented to appellee's agent, Oscar W. Robinson, that the firm of Gordon &, Greer was the successful bidder, and requested him to execute to the Grayson Water Company the indemnifying bond provided for in the bid bond. Robinson delivered to Gordon a bond running to the Grayson Water Company and securing the performance of a contract between the Grayson Water Company and E. E. Gordon.

and D. W. Greer, a partnership trading and doing business under the style and firm name of Gordon & Greer. It was signed by the Fidelity & Casualty Company of New York as surety by Oscar W. Robinson, agent, and was delivered to Gordon subject to the condition that it should not take effect until it was signed by D. W. Greer. It is conceded that it was never signed by Greer, but some one forged his name to the bond. The evidence does not disclose to whom the bond was delivered nor who had possession of it after the contract for the waterworks system was executed, but it does appear that it was never attached to the contract. The contract began as follows:

"This agreement made and entered into this ———— day of September, 1931, by and between the Grayson Water Company of Grayson, Kentucky, a corporation, hereinafter called 'Water Company' and E. E. Gordon of Portsmouth, Ohio, hereinafter called 'Contractor', Witnesseth."

The contract was signed "Grayson Water Company, by R. M. Bagby, President, E. E. Gordon, by C. H. Samson." The name of D. W. Greer does not appear in the contract.

C. H. Samson had charge of the work of construction for E. E. Gordon, and ordered the supplies and materials required to complete the contract, including those purchased from appellant. He testified that he ordered materials in the name of the E. E. Gordon Company, and that he did this to prevent confusion with other contracts being performed by E. E. Gordon. He testified that he did not know D. W. Greer, and did not represent him. Before the contract was completed, Mr. Claude G. Sageser, a representative of the appellant, went to Grayson to ascertain the progress of the work and to collect, if possible, the amount due appellant. He saw the bond executed by appellee, guaranteeing the performance of a contract between the Grayson Water Company and E. E. Gordon and D. W. Greer, a partnership. He also examined the contract on which Greer's name did not appear.

Appellant argues that the appellee is estopped to deny the recitals in the bond which he had signed, and Commonwealth v. Rasner & Martin, 175 Ky. 133, 193 S. W. 1011, Husbands v. Commonwealth, 143 Ky. 290, 136 S. W. 632, City of Minneapolis v. Republic Creosoting

Company, 161 Minn. 178, 201 N. W. 414, 417, are relied upon. In the two domestic cases cited by appellant, forfeited bail bonds were involved, and the court merely held that the prinicpal and sureties should not be permitted to take advantage of slight defects in the execution of a bond and the entry of orders in connection therewith. In City of Minneapolis v. Republic Creosoting Company, supra, the court said:

"The bond, although collateral to the principal undertaking, is a separate contract. Its recital of the principal undertaking was an agreement that the contract referred to was a valid contract, binding according to its terms. That agreement is a term and condition and of the very essence of the obligation of the bond. To permit the surety to escape all obligation on the plea of the technical invalidity of the contract would be subversive of the intention of the parties, and of the duty of courts to enforce contracts as they are made."

In that case the surety on the bond admitted the existence of a contract between its principal and the obligee in the bond, but sought to avoid liability on the ground that the contract was invalid on account of a defect in its execution. But that is not this case. The appellee is not asserting that there is any defect in the bond or in the contract between E. E. Gordon and the water company, but it is asserting that the bond signed by it does not guarantee the performance of that contract, but does guarantee the performance of a contract between Gordon & Greer, a partnership, and the water company. Gordon & Greer had no contract with the water company, and appellant sold no materials to the partnership. Appellee, therefore, is not estopped to deny the existence of a contract between the water company and Gordon & Greer, a partnership, the principal in the bond signed by it. Appellant could not have been misled to its prejudice by the execution of the bond upon which this action is based. It plainly showed that it was executed to guarantee the performance of a contract between E. E. Gordon and D. W. Greer, partners doing business as Gordon & Greer, and the Grayson Water Company. Appellant sold and delivered materials to E. E. Gordon for the performance of a contract entered into between Gordon, individually, and the water company. Its representative saw the written contract signed by E. E. Gordon and the water company, and he neces-

sarily knew that the bond did not guarantee the performance of that contract. The written contract was notice to him that E. E. Gordon, individually, and not Gordon & Greer, a partnership, was the contractor with whom he was dealing.

It may be conceded, for the sake of argument, that the appellee would be liable on the bond if the written contract had recited that Gordon & Greer, a partnership, was the successful bidder, although, in fact, Greer was not a party to the contract and his name thereon was forged. Third parties might then rely upon the bond and, through no fault of theirs, be misled, and it could be said that the negligence of appellee's agent in delivering the bond without having obtained the signature of Greer thereon afforded the opportunity for the perpetration of fraud upon third parties, and the doctrine, that, if one of two innocent persons must suffer by the act of a third person, he who puts it in the power of a third person to inflict the injury must bear the loss, would apply. However, as heretofore stated, these are not the facts of this case. The contract explicitly stated that E. E. Gordon, individually, was the contractor, and the bond sued upon did not guarantee the performance of a contract by E. E. Gordon.

The judgment is affirmed.