# Fleenor et al. v. Commonwealth.

December 5, 1947.

Rehearing denied September 28, 1948.

W. B. Early, R. L. Brown, Guy Shearer and S. Rush Nicholson for appellants.

Eldon S. Dummit, Attorney General, and James A. Inman, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Whitley Circuit Court forfeiting a bail bond.

On May 29, 1946, the grand jury of Whitley County returned an indictment against Rudell Fleenor charging him with the crime of robbery, and the case was assigned for trial on June 14, 1946. When the case was called the defendant filed a motion for a continuance supported by affidavits, the motion was sustained, and the case was continued to the September term of court. Fleenor was admitted to bail in the sum of $2,500, and his mother, Anna Mae Fleenor, deposited with the circuit clerk $2,500 in cash in lieu of bail, and he was released from custody. The case was called for trial September 25, 1946, and was reassigned to October 17, 1946. Fleenor failed to appear on the day set, and the Commonwealth's At-

torney moved to forfeit the bond. On the next day Fleenor and his mother filed a response to the motion in which they stated that Fleenor was unable to be present when the case was called for trial on October 17, 1946, because at that time he was on trial in the District Court of the United States for the Southern District of Indiana at Evansville, Indiana, and was in the custody of the officers of that court. They filed as exhibits certified copies of orders of the District Court which showed that Fleenor had been convicted on two counts of an indictment charging him with violations of the White-Slave Act, 18 U. S. C. A. sec. 397 et seq., and had been sentenced to confinement in a Federal prison for a term of five years for each offense, the two sentences to be cumulative and not concurrent. The Circuit Court adjudged that the $2,500 deposited with the clerk as cash bail be forfeited to the Commonwealth, and Rudell Fleenor and Anna Mae Fleenor have appealed.

The appellants insist that a judgment of forfeiture cannot be had because the defendant Fleenor at the time he was to appear in the Whitley Circuit Court was in custody in Indiana on a charge pending against him in the United States District Court, and Commonwealth v. Overby, 80 Ky. 208, 44 Am. Rep. 471, is cited. In that case John H. Overby, as principal, executed a bail bond for his appearance in the state court to answer the charge of passing a counterfeit United States Treasury note. On the day following the execution of the bail bond he was arrested by a Federal officer on the same charge and committed to the jail of Jefferson County. He was indicted, tried and convicted in the United States Court for the District of Kentucky, and sentenced to imprisonment for a term of five years. The surety was exonerated on the ground that there is an implied obligation on the part of the Commonwealth that the bail shall not be hindered by any authority within the limits of the state from surrendering his principal at any time before forfeiture. In Yarbrough v. Commonwealth, 89 Ky. 151, 12 S. W. 143, 144, 25 Am. St. Rep. 524, the facts were similar to those in the instant case. The court distinguished the Overby case, and in the course of the opinion said: ''The object in requiring bail is to insure the attendance of the accused to answer the charge, and the orders and judgment of the court

in reference to it; and our statute provides that the bail may, at any time before the forfeiture, exonerate themselves by surrendering him to the jailer of the county where the prosecution is pending, and one of the modes provided for doing so is through the aid of the peace-officers of the state. There is, therefore, an implied obligation, upon the part of the commonwealth that the bail shall not be hindered in doing so by any authority within the limits of the state. This is the ground upon which the rule in the Overby case rests, and is entirely unlike a case where the bail, who have the friendly custody of the accused, and may prevent his departure from this state by a surrender of him at any time, permit him to leave the commonwealth, and he is then arrested elsewhere for other crime.''

In Hicks v. Commonwealth, 256 Ky. 244, 75 S. W. 2d 1086, 1087, a bail bond was forfeited, and one of the grounds urged by the principal and his surety for reversal of the judgment was the inability of the principal to be present at the time of the forfeiture because at that time he was confined in the penitentiary in another state where he had been arrested, tried and convicted of a felony after the execution of the bail bond. The court refused to reverse the judgment on that ground, and, referring to the case of Briggs v. Commonwealth, 185 Ky. 340, 214 S. W. 975, 8 A. L. R. 363, said: ''It is therein pointed out that the defense of present incarceration of the accused so as to disenable him to comply with the provisions of his bail bond will not be available to the sureties as a defense to forfeiture proceedings against them, unless such incarceration of their principal was made and brought about by the same jurisdiction in whose favor the bail bond was executed; but that an imprisonment of the accused by a foreign court for the violation of its criminal laws furnishes no defense.''

The instant case is entirely different from the cases which hold that sureties are not liable for failure to produce a defendant in court in accordance with the terms of the bail bond when such failure is due to the act of the state itself which is the obligee in the bond. According to the great weight of authority, both in State and Federal courts, the surety on a bail bond is not exonerated where incarceration of the principal in a different jurisdiction for a second and different

offense against the laws of that jurisdiction prevents him from appearing in accordance with the terms of the bond. Weber v. United States, 8 Cir., 32 F. 2d 110; Ricks v. State, 189 Okl. 598, 119 P. 2d 51; State v. Altone, 140 Me. 210, 35 A. 2d 859; State v. Pelley, 222 N. C. 684, 24 S. E. 2d 635, 641; 8 C. J. S., Bail, sec. 77; 6 Am. Jur., Bail and Recognizance, section 140; Annotation in 26 A. L. R. 412. The concluding paragraph of the opinion in State v. Pelley, supra, is pertinent here: "It is indeed unfortunate for the appealing surety herein, but, when she executed the bail bond * * * she undertook to answer for one who by his own conduct prevented the fulfillment of his obligation. For his default she obligated herself to pay the penalty in the bond."

The judgment is affirmed.