CASE 9—BAIL-BOND—DECEMBER 13.

# Commonwealth v. Salyer.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. A county judge or magistrate has no authority to take a bail-bond from a prisoner brought before him for examination of a charge of felony committed in another county. He has no right to take temporary bail for the appearance of the accused before him.
2. A prisoner was arrested and brought before the presiding judge of the Montgomery County Court for examination of a charge of murder committed in the county of Lewis. The examination being postponed, the prisoner was admitted to bail. The bail-bond thus taken was unauthorized and void. (Criminal Code, section 43.)

JOHN RODMAN, Attorney-General, . . . . For Appellant.

WM. H. HOLT, . . . . . . . . . . For Appellee,

CITED

Criminal Code, sections 80, 43, 49, 25, 26, 30, 31.
3 Metcalfe, 477, Commonwealth v. Moore.
2 Bush, 3, Branham v. Commonwealth.
Acts of 1867, page 83.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

On the 13th of December, 1870, James Mays, being under arrest in Montgomery County, and charged with the crime

of murder committed in Lewis County, was brought before
W. H. Winn, the presiding judge of the Montgomery County
Court, for an examination of the charge; and the prisoner de-
siring a postponement of his case, the appellee, W. J. Salyer,
and another, executed a bail-bond in the sum of five hundred
dollars, stipulating that Mays would appear before Winn on
the 15th of said month to answer said charge. Mays appeared
on the day designated in the bond, but by consent his case was
continued until the 26th day of the same month; but he then
failed to appear, and thereupon the judge indorsed the bond
"forfeited," and transmitted it to the circuit court, where this
action was instituted by the commonwealth for a recovery on
the bond.

The appellee, being duly summoned, appeared, and in answer
to the summons presented several grounds of defense; one of
which, and the only one which will now be considered, being
that the judge of the Montgomery County Court had no power
or authority to require or take the bail-bond, and that it was
therefore void.

Since the passage of the act of March 8, 1867, "to amend
the Criminal Code of Practice," a county judge, or other
magistrate or officers composing an examining court, having
in custody a person charged with the commission of a felony
within his or their jurisdiction as an examining court, may, on
a postponement of the examination, admit the accused to bail.
But where, as in this case, the offense is charged to have been
committed in another county than that in which the arrest is
made, and is a felony, the authority of the judge or magis-
trate before whom the defendant may be brought is limited to
the inquiry, whether there are sufficient grounds for an exami-
nation in the county in which the offense may have been
committed; the duty of the magistrate being, in that event,
to "commit the defendant to a peace officer, to be conveyed
by him before a magistrate of the county in which the offense

is charged to have been committed." (Criminal Code, sec. 43.) But in such a case we are aware of no law authorizing the magistrate to take temporary bail for the appearance of the accused before him, either during the examination or preliminary to it.

We are of the opinion therefore that the judgment in bar of the proceeding against the appellee was properly rendered. Wherefore said judgment is affirmed.