## Husbands v. Commonwealth.

(Decided April 25, 1911.)

### Appeal from Ballard Circuit Court.

1. Criminal Law—Bail—Custody of Accused.—The bail is estopped to say that the accused was not in custody, the bail bond reciting that he was in custody when it was executed, and it appearing that the officer who took the bond then had in his hands a bench warrant for the arrest of the accused.

2. Same—When bail not exonerated—Consent of Commonwealth's Attorney.—The bail is not exonerated by the consent of the Commonwealth's Attorney that the accused may go from the state, and his agreement to dismiss the prosecution at the next term of the court.

3. Same—Reasonable Time Allowed Bail to Produce Accused.— Where the accused is excused from appearing by the Commonwealth's Attorney and allowed to go out of the state, the bail should be allowed a reasonable time to produce him in court on a forfeiture of the bond, where he is unable then to do so because he does not know his whereabouts.

HENDRICK and CORBETT for appellant.

R. L. SMITH, H. T. TURNER, JAMES BREATHITT, Attorney-General, and T. B. McGREGOR, Assistant Attorney-General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

Gip Husbands signed a bail bond for the appearance of William Husbands in the Ballard Circuit Court to answer the charge of bank robbery. The defendant having

failed to appear, the bond was forfeited, and in response to the summons on the forfeiture Gip Husbands set up two defenses: First, that William Husbands was not in custody when the bond was executed; second, that the Commonwealth's Attorney had agreed with him that he would dismiss the prosecution, and that William Husbands might leave the State and not appear in court.

The facts as to the first defense are these: William Husbands had been regularly indicted and a bench warrant had issued upon the indictment. The deputy sheriff, who received the bench warrant, instead of hunting up William Husbands, went with it to the office of his father, Gip Husbands, who signed the bail bond, both with the name of his son and his own name, and the deputy sheriff then returned the warrant with the usual return.

The facts shown by the defendant in regard to the second defense are that after William Husbands had appeared at two terms of the court, the Commonwealth's Attorney, being desirous of obtaining a confession from him to aid in the conviction of certain other defendants, had a talk with him. After this talk, he agreed with the father that William Husbands need not appear at court again, and he would dismiss the indictment against him at the next term. The father said to him that his son was in bad company and had developed bad habits, and he wished to get him out of the State. The Commonwealth's Attorney agreed that he might send him out of the State. At the next term the Commonwealth's Attorney did not dismiss the indictment against William Husbands, and he having gone out of office, his successor refused to recognize the agreement, and forfeited the bail bond, as William Husbands did not appear at the trial.

The circuit court, on these facts, gave judgment against the bail, and he appeals.

The bail bond is in the usual form. It reads: "The defendant, Will Husbands, being in custody charged with the offense of bank robbery, and being admitted to bail in the sum of $1.500, now we, Gip Husbands, of McCracken county, Kentucky, hereby undertake that the above named Will Husbands shall appear in the Ballard Circuit Court," etc. It will be observed that the bond recited that Will Husbands is in custody. Parties to a recognizance or bail bond are estopped by the execution of it to deny the truth of the recitals it contains. (Edward v. State, 22 Ark., 303; Harris v. State, 60 Ark.,

212; State v. Benzion, 79 Iowa, 467.) We have often applied this principle in the case of executors and guardians, holding that their sureties are estopped to deny the fact of their appointment, which is recited in the bond. (See Cotton v. Wolf. 14 Bush, 238, and cases cited.) We see no reason why the same principle should not be applied to a bail bond Section 85 of the Code provides that no bail bond shall be deemed invalid for any irregularities "provided it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged by reason of the giving of the bond or recognizance, and provided it can be ascertained from the bond or recognizance that the bail undertook that the defendant should appear before a magistrate for the examination of the charge, or before a court for the trial thereof." The bond before us shows all these facts. When the bench warrant was issued and put in the hands of the officer, it was not essential that he should seize the person of the defendant before the execution of the bond. The bail should waive this, and having stipulated in the bond that the defendant was in custody, he can not now be heard to say to the contrary.

We are referred by counsel to a number of Kentucky cases, but, without discussing them in detail, it is sufficient to say that they were all cases where the record showed the defendant could not be legally in custody, and the bond was without consideration. The bond is to be read with the record, and where the record shows there was no process, or a process issued without authority, and, therefore, void, there is no consideration for the bond. (Schneider v. Commonwealth, 3 Met., 410; Commonwealth v. Roberts, 1 Duvall, 199; Commonwealth v. Saylor, 8 Bush, 461; Commonwealth v. Thompson, 98 Ky., 593.)

The circuit court, therefore, properly disregarded the first defense.

The second defense is more meritorious. Section 243 of the Criminal Code provides that the Commonwealth's Attorney may, with the permission of the court, dismiss an indictment. Section 123 of the Kentucky Statutes, provides that before the court shall permit the Commonwealth's Attorney to dismiss any indictment, the attorney shall file a statement in writing showing the reasons for such dismissal; and this shall be spread upon the order book of the court. Under these provisions the

Commonwealth's Attorney can only dismiss an indictment with permission of the court, and will only be permitted to do so upon reasons, stated in writing, signed by him, deemed sufficient by the court. All persons dealing with any officer of the Commonwealth are charged with notice of the authority conferred upon him by the laws of the State, and the limitations upon that authority. The Commonwealth's Attorney has authority to go as far as the law authorizes him, but no further; and of this all persons must take notice. The bail was required, therefore, to know that the Commonwealth's Attorney could not dismiss the case at the next term of court without the permission of the court, and without filing a statement, in writing, sufficient in the judgment of the court to warrant its dismissal. The agreement of the Commonwealth's Attorney to release the bail was beyond his authority. The bail could only be released by an order of the court, and of this the bail had notice. The bail was not, therefore, released from liability by the action of the Commonwealth's Attorney. What, then, were the rights of the parties?

The Commonwealth's Attorney is the attorney who has charge of the prosecutions on behalf of the Commonwealth. If William Husbands had appeared in the Ballard Circuit Court and the Commonwealth's Attorney had told him to go home, that he need not remain there at that term, certainly no judgment should be given against the bail for his failure to appear, induced by the statement of the Commonwealth's Attorney; for, although he was without authority to release the bail, he had authority to conduct the prosecution, and although the defendant would be justified in leaving upon the direction of the Commonwealth's Attorney, it would be the duty of the bail to have him return and appear in court when the bond was forfeited and he knew his presence was required. We do not see that this case can be distinguished from that supposed. The accused and his bail have been misled by the Commonwealth's Attorney, and the bail should be given a reasonable opportunity to produce the accused, as he did not know where he was and had been unable to find him. Under all the circumstances of the case, six months will be a reasonable time for that purpose. The circuit court, when it was made to appear that the party had been, in fact, misled by the Commonwealth's

Attorney, and that this was the cause of the accused not appearing, should have given the bail a reasonable opportunity to produce the accused, and his failure to do so, under all the circumstances, was an abuse of discretion.

Section 98 of the Criminal Code provides:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond."

If the bail produce the defendant within the time allowed, no judgment should be entered against him; otherwise, a judgment may be entered upon the bond.

Judgment reversed and cause remanded for further proceedings consistent herewith.