## Ison v. Commonwealth.

(Decided March 22, 1927.)

Appeal from Letcher Circuit Court.

1. Bail.—Where record does not show that warrant was ever issued for defendant or that there was any order fixing his bail or that he was arrested or bond was executed, no judgment could be rendered against surety on his bail bond.

2. Bail.—Where no order was entered by any court fixing bail bond of defendant, sheriff was unauthorized, in view of Criminal Code of Practice, sections 28, 46, to take bail.

3. Bail.—In proceeding against surety to forfeit bail bond, response of surety must be taken as true if uncontradicted by the record or other evidence.

HAWK & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and O. A. STUMP for appellee.

Opinion of the Court by Judge Logan—Reversing.

On the 7th day of December, 1925, the Letcher quarterly court entered an order in words and figures as follows to-wit:

"Letcher Quarterly Court.

June Term, 1925.

Commonwealth of Kentucky, ............................Plaintiff
  v. Violating liquor laws.  Order forfeiting bond.
Ed. Hall, ....................................................................Defendant.

"It appearing to the satisfaction of the court that the defendant Ed. Hall has executed bond in this case as required by law and having failed to answer or render himself in execution of the judgment, it is now ordered by the court that the bond of the defendant be and the same is forfeited and summons to issue against defendant and his surety, Elisha Ison, returnable 1st day of the next regular term of this court to show cause if any they have or can why judgment should not be rendered against them for the sum of $300.00, the amount of said bond, the capias is directed to issue against the defendant. A copy-attest:

"R. S. May, C. L. Q. C.

" (Endorsed): Filed at Rule Day, Dec. 7th, 1925, and summons and 2 copies issued thereon. Docketed for Jan. term 1926.

"S. P. Combs,
  Clerk Letcher Circuit Court.
"By F. F. Pendleton, D. C."

This order appears to have been filed in the circuit court on the day it was entered and the summons issued by the clerk of that court. At the May term of the Letcher circuit court Elisha Ison filed a response in which he denies that Ed. Hall executed a bail bond as required by law, or that he became surety for the said Hall or signed any bond. He then explains what happened by saying that a deputy sheriff of Letcher county, without an order from any court and at a time when said deputy had no right or authority from any court so to do, required Ed. Hall to execute a bond for $300.00 for his appearance before the Letcher quarterly court and that he became surety on said bond. He says in his response

that Hall was never arraigned before any court on any charge for which said bond was executed, and that no order was ever entered by any court admitting Ed. Hall to bail. Further, he sets out that no warrant was ever issued for Ed. Hall charging him with the offense mentioned in the order, and that the deputy sheriff took said Hall into custody without any warrant, presumably for having violated the liquor laws in the presence of the deputy, and that while he had the said Hall in his custody for said offense without carrying him before any peace officer to be dealt with for said alleged offense, the deputy permitted him to execute a bond for his appearance to answer said charge, and that if he signed any bond at all it was the bond so executed. This response was verified by Elisha Ison. The court, either with or without consideration of the response, entered a judgment for $300.00 against the appellant herein. The court states in the judgment that Ison made no proper defense. There is a judgment in the record which appears to have been entered at the June term of the Letcher quarterly court against Ed. Hall by default. The judgment recites that Hall had been served, but does not state with what he had been served, and that after being called he failed to answer, and the allegations of the warrant were, therefore, taken for confessed. A jury was impanelled and rendered a verdict fixing the punishment of Hall at a fine of $100.00 and thirty days' imprisonment in the county jail. On the same day that the default judgment was entered the order forfeiting the bond was entered.

There is no copy of the bond in the record and the judge of the Letcher county court certifies that the copy of the judgment and the order forfeiting the bond is a complete copy of all orders, judgments and proceedings of record on file in his office in the case of the Commonwealth of Kentucky against Ed. Hall for violating the prohibition laws of the state. If this be true there was neither warrant nor bond, as we find neither in the record.

Certainly a copy of the warrant on which the arrest was made and a copy of the bond signed by the appellant should have been before the circuit court as a basis for the judgment which the circuit court entered against the appellant. If the statements set out in the verified response of apppellant were true the bond was wholly void, and there is nothing in the record to show on what grounds the trial court adjudged his response insufficient.

The facts in this case are similar to the facts in the case of Bonner v. Commonwealth, 85 S. W. 1196, 27 K. L. R. 652, where this court held that the proceedings in the case where the bond was forfeited should have been in the record. There was nothing in that case to show that the proceedings in the police court had been filed in the Jefferson circuit court. The recrod in that case was certified as complete and that is true in the instant case.

On the record we have nothing to show that a warrant was ever issued for Hall, or that there was any order fixing his bail, or that he was arrested by any officer, or that any bond was executed.

If it be true that no order was entered by any court fixing the bond of Hall, the sheriff had no right to take his bond, as section 28 of the Criminal Code authorizes the sheriff to take bail only when an arrest has been made in obedience to a warrant placed in his hands with bail indorsed thereon. In the event he makes an arrest without a warrant it becomes his duty to take the offender before a magistrate of the county in which the arrest is made, and he must there state the grounds of the arrest, and the magistrate, if the case be a misdemeanor, shall fix the bail. These are the steps required by section 46 of the Code. The response of the appellant must be taken as true if uncontradicted by the record or by other evidence, and there is no contradiction of the statements made in his response.

The appeal is granted and the judgment is reversed and remanded for proceedings consistent with this opinion.