## Miller et al. v. Commonwealth.

(Decided Nov. 15, 1934.)

. CHESTER A. BACH and JOHN D. ATKINSON for appellants.

BAILEY P. WOOTTON, Attorney General, DAVID C. WALLS,. Assistant Attorney General, and G. MURRAY SMITH, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In June, 1932, Clint Taylor was convicted in the Powell circuit court of the offense of housebreaking, and was sentenced to serve five years in the state penitentiary. He appealed and to secure his release from imprisonment pending the appeal executed bond in the penal sum of $5,000, pursuant to section 75 of the Criminal Code of Practice. The judgment of conviction was affirmed by this court on February 24, 1933. A petition for a rehearing was filed and was overruled on April 14, 1933, on which date the mandate of this court issued. See Taylor v. Commonwealth, 248 Ky. 277, 58 S. W. (2d) 360. The mandate was filed in the office of the clerk of the Powell circuit court on April 19, 1933. Taylor did not surrender himself within thirty days after the affirmance of his judgment had become final, as the condition of his appeal bond as well as the provisions of section 75 of the Criminal Code of Practice provided he should do. Indeed, he was still at large when the following June term of the Powell circuit court convened. So at this term, the appeal bond was duly declared forfeited and a summons on the forfeiture was ordered to issue against I. S. Miller, G. B. Rose, and Dewitt Taylor, sureties on the aforementioned appeal bond, and the present appellants. These summons were served on these sureties the following February. In the

responses filed by them to the bond forfeiture proceedings, the sureties averred that this was the first they knew of the judgment of affirmance or that Taylor was still at large. At all events, one of the sureties on the summons being served upon him promptly took Taylor into custody and delivered him to the proper officer, who in turn lodged him in the state penitentiary to serve the sentence imposed upon him as hereinbefore set out. From the response, it further appears that during the summer of 1933, a capias had been issued against Taylor for the purpose of taking him into custody under his judgment of conviction. The sheriff had arrested Taylor under this capias and was conveying him to jail when they met Taylor's lawyer, who told the sheriff that Taylor's petition for a rehearing was still pending in the Court of Appeals. In this, the lawyer was mistaken. The sheriff relying upon this information turned Taylor loose.

At the March term of the Powell circuit court, the sureties filed their responses which they later amended. The responses, as amended, set up the facts as we have above outlined them and prayed that the sureties be relieved of the order of the forfeiture of the appeal bond. A demurrer was interposed to the responses as amended and was sustained. The sureties declining to plead further, the court adjudged that the commonwealth recover of the sureties the sum of $500 with interest at the rate of 6 per cent. per annum from the date of this judgment until paid. From this judgment, this appeal is prosecuted.

As the provisions of section 75 of the Criminal Code of Practice and the condition of the bond here involved were both unquestionably violated and broken by the failure of Taylor to surrender himself within thirty days after the judgment of conviction had become final in the Court of Appeals, there are but two questions presented by this appeal: First, did the circuit court have any discretion about entering a judgment on this appeal bond against the sureties for any less amount than the penal sum of the bond, for, if he did not, the appellants cannot complain that they were adjudged to pay but $500 when the penal sum of the bond was $5,000. Second, if the court had any such discretion, did he abuse it in this case by adjudging against the sureties a too high amount.

Addressing ourselves to the first question, we find

that this section 75 of the Criminal Code of Practice is a part of chapter 1 of title 5 of that Code. Title 5 is entitled "Bail," and this chapter 1 is entitled "Admission to Bail." Sections 72 and 73 of the Criminal Code of Practice read:

"Sec. 72. Admission to bail is an order from competent court or magistrate, that the defendant be discharged from actual custody on bail.

"Sec. 73. The taking of bail consists in the acceptance by a competent court, magistrate or officer, of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the Commonwealth the specified sum."

Section 74 of this Code covers admission to bail before conviction, and this section 75 here involved covers admission to bail after conviction.

Chapter 4 of this title 5 of the Criminal Code of Practice is entitled "Forfeiture of Bail."

Of this chapter, section 93 of the Criminal Code of Practice reads:

"If the defendant fail to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered on the record, and thereupon the bail bond, or the money deposited in lieu of bail, is forfeited."

And section 98 of the Criminal Code of Practice reads:

"If, before judgment is entered against the bail, the defendant be surrendered or arrested, the court may, at its discretion, remit the whole or part of the sum specified in the bail bond."

We are of the opinion that reading all these quoted and referred to sections of the Criminal Code of Practice together, section 98 applies to bail bonds for admission to bail after conviction as well as to bail bonds for admission to bail before conviction. Both types of bonds are embraced in the same chapter having to do with admission to bail. The provisions of section 93 are equally as applicable to bail bonds for admission to bail after conviction as to bail bonds for admission to bail before conviction. Section 98 covers forfeitures provided for by section 93, and hence it follows is applic-

able to forfeiture of bonds taken under section 75 as well as to forfeiture of bonds taken under section 74 of the Criminal Code of Practice. This being true, the trial court did have a discretion to remit the whole or part of the penal sum of the bail bond here in question.

The next question is: Did the trial court here abuse that discretion in adjudging too large an amount against the sureties, or indeed any amount against them? We have held that the discretion of the circuit court in remitting in whole or in part the penalty in a bail bond will not be controlled by this court unless that discretion be flagrantly abused. Commonwealth v. Rowland, 4 Metc. 225; Husbands v. Commonwealth, 143 Ky. 290, 136 S. W. 632. Measured by this rule, we cannot say that the discretion of the circuit court was flagrantly abused in this case. It was the duty of Taylor and his sureties to keep themselves advised of the status of Taylor's appeal in this court. A proper respect for the prompt enforcement of the law requires that a measure of strictness be employed towards those convicted of offenses to the end that they be promptly punished. Nothing tends to bring scandal and reproach upon the enforcement of the law more than a tardy infliction of adjudged punishment. By failing to keep themselves advised concerning the progress of Taylor's case, the sureties have permitted Taylor to enjoy almost a year of freedom when he should have been in the state penitentiary. Not to set the face of justice sternly against any such condition would result too often in pleas difficult to rebut that the accused and his sureties did not know of the finality of the conviction and so serve to encourage the hiding out and the avoiding of promptly serving sentences without harm to sureties on appeal bonds. Besides, the commonwealth was put to expense and trouble in taking this forfeiture and in attempting to take Taylor into custody to serve his sentence. On the whole, we cannot say under the circumstances of this case and in the light of these considerations that the circuit court flagrantly abused its discretion in refusing to remit the whole of the penalty of the bond and in fixing the amount to be paid in the sum he did.

The judgment is therefore affirmed.