## Shepherd v. City Of Richmond et al.

February 13, 1948.

William J. Baxter, Judge.

Carl F. Eversole and John B. Eversole for appellant.

George 'C. Robbins for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Marion F. Shepherd brought this action for false imprisonment against the City of Richmond, two of its police officers, Dave Kelley and Frank Barnett, their surety, Fidelity & Casualty Company of New York, and Clarence Davidson. The City's demurrer to the petition was sustained, and the petition was dismissed as to it. At the conclusion of the evidence the action was dismissed as to Clarence Davidson. The case was submitted to the jury as to the remaining defendants, and the jury returned a verdict in their favor. All of the defendants have been named appellees in the statement of appeal, but appellant suggests no reason for reversal of the judgment as to the City or Davidson. The City's demurrer to the petition was sustained, and properly so, on the authority of Murphy v. Phelps, 241 Ky. 339, 43 S. W. 2d 1010, and similar cases which hold that a municipality is not liable for the torts of its agents while exercising a purely governmental function. Davidson, a private citizen, was a passenger in the police car when the arrest was made, but there is no proof that he took any part in the arrest or imprisonment and the action was properly dismissed as to him.

Appellant's chief complaint is that he was confined in jail without being afforded an opportunity to give bail. The proof for the appellees shows that a call was received at the police department about 10 p. m., September 1, 1945, requesting that an officer be sent to a certain address on West Main Street in Richmond,

which proved to be the home of appellant. Dave Kelley and Frank Barnett, two policemen, drove to the address in a police car. When they arrived they saw Mrs. Marion F. Shepherd and her daughter crossing the street. Mrs. Shepherd was crying and was very nervous. The officers took her and her daughter to the home of T. B. Challinor, police judge of Richmond, where Mrs. Shepherd signed and swore to an affidavit charging her husband with breach of the peace. In the affidavit she stated that "on the 1 day of September 1945 and within the Corporate limits of the City of Richmond, Kentucky, one Marion Shepherd committed the offense of Breach of Peace by reason of acts committed as follows: By threatening affiant, running her from her home." The police judge issued a warrant of arrest for appellant charging him with the offense of breach of the peace, placed it in the hands of the two police officers, and directed them to arrest him. They went to appellant's home, found him on the porch, arrested him, and took him to the jail where he was confined until about midnight, when he was released on bond executed by his wife who had caused his arrest. Both of the officers testified that appellant was drunk and disorderly. The amount of the bail to be given was not endorsed on the warrant, as directed in section 28 of the Criminal Code of Practice, but this did not render the warrant void as claimed by appellant. The warrant commanded the officers to arrest the defendant and bring him before the Richmond police court to answer the charge of breach of the peace, and, no bail having been endorsed on the warrant, it was their duty to take him forthwith before the police judge so that bail might be fixed as though the arrest had been made without a warrant, Ison v. Commonwealth, 219 Ky. 132, 292 S. W. 746, Goins v. Hudson, Jailer, 246 Ky. 517, 55 S. W. 2d 388, unless the provisions of section 396 of the Criminal Code applied. That section provides that if arrests for drunkenness or disorderly conduct are made during the night, the officer shall keep the persons arrested in confinement until the next morning. The concluding provision of the section is: "* * * if the arrest be made in the local jurisdiction of a police or city court, the persons arrested shall be carried before the judge of such court unless he be absent."

According to the great weight of the evidence, the arrest in the present case was made between 10 and 11 o'clock at night. The police judge was ill at his home. In Bailey v. Shrader, 265 Ky. 663, 97 S. W. 2d 575, 578, the arrest of Bailey was made early in the night, the time being fixed by the witnesses as "just about dark." The arresting officer refused to release Bailey on bail, and held him in custody for several hours. In an action against the officer for false imprisonment the jury returned a verdict for the defendant. This court affirmed the judgment, and, referring to section 396 of the Criminal Code, said: "The intent of the statute seeming to be if a person is arrested on these minor charges after the close of the day the magistrate should not be called upon to conduct an immediate trial, it must be regarded that this arrest came within the purview of the phrase 'during the night,' contained in section 396, above quoted. Therefore, the statute gave the town marshal the right, and perhaps made it his duty, to keep Bailey in custody until the next morning, unless he deemed it wise or expedient to deliver his prisoner into the keeping of some discreet person who would restrain and take care of him."

Concerning the concluding provision of section 396, the court said: "The latter provision of section 396 must be interpreted as requiring merely that persons arrested upon such charges shall at the proper time be taken before the judge of the police court if the arrest be made within his local jurisdiction, instead of permitting him to be taken before some other judicial officer, defined as a magistrate by section 26 of the Criminal Code of Practice."

The appellant denied that he was drunk or disorderly, but the evidence as to his condition and conduct just before and at the time of the arrest was conflicting, and the question was one for the jury to determine. The Court instructed the jury on this point as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff was drunk or disorderly and that arrest was made during the night time, the defendants, Frank Barnett and Dave Kelley, police officers aforesaid, had a right and duty to confine plaintiff in jail until the next morning, and if the jury so believes they will find for the defendants, Frank Barnett and

Dave Kelley, and the defendant, Fidelity & Casualty Company.''

Appellant says that this instruction should have been omitted because he was arrested on a warrant accusing him of breach of the peace, and the officers cannot avail themselves of a defense which developed after the warrant was served. He cites Wright & Taylor v. Leigh, 229 Ky. 32, 16 S. W. 2d 493, which holds that an arrest made upon one ground may not be justified on the theory that another ground for arrest existed at the time. Leigh was arrested on a misdemeanor charge, and subsequent to the arrest it was learned that a felony had been committed and a warrant issued for the arrest of Leigh, but neither the parties causing the arrest on the misdemeanor charge nor the arresting officers knew of the existence of the felony warrant. The warrant for the misdemeanor was invalid. In the present case a valid warrant for breach of the peace, based on alleged disorderly conduct of appellant, was issued, and, according to the officers, the disorderly conduct continued or was resumed when the arrest was made. Furthermore, we think that section 396 of the Criminal Code applies when a person is drunk and disorderly, although he is arrested for another offense. The reasons for keeping him in confinement until the next morning, where he is arrested during the night, are just as imperative. The evidence as to whether or not appellant was drunk and disorderly was conflicting, and the court properly submitted the question to the jury in instruction No. 4.

The police judge testified that he was sick in bed when he issued the warrant, and that he instructed the police officers to keep appellant in confinement until a peace bond had been executed, since, based on Mrs. Shepherd's statements, he intended to require the execution of a peace bond before allowing appellant to give bail. The two officers testified to the same effect. Appellant objected to this testimony, but it was competent under the circumstances. In his petition appellant alleged that the police officers acted maliciously, and there were other allegations which, if sustained, would have authorized recovery of exemplary damages. Appellant's testimony was susceptible to the inference that the officers acted maliciously and vindictively. The evi-

dence complained of tended to show that the arresting officers acted in good faith, and was admissible to mitigate exemplary or punitive damages if for no other reason. Cincinnati, N. O. & T. P. R. Co., v. Cundiff, 166 Ky. 594, 179 S. W. 615, Ann. Cas. 1916C, 513; Roberts v. Hackney, 109 Ky. 265, 58 S. W. 810, 59 S. W. 328; 35 C. J. S., False Imprisonment, sec. 67, annotation in 49 A. L. R. 1386.

The judgment is affirmed.