**UNITED BONDING INSURANCE COMPANY, DON RIGAZIO, AGENT,**
Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1970.

Joseph G. Glass, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

These appeals arise out of the same criminal action mentioned in United Bonding Insurance Company, Kent Cox, Agent v. Commonwealth of Kentucky, Ky., 461 S.W.2d 536 (this day decided).

Both of the instant appeals, which have been consolidated at appellant's request, are attempts to obtain appellate review of the action of the circuit court in refusing to remit any part of a previously ordered forfeiture of two bail bonds, each in the stated amount of $10,000, that had been given in one instance by Donald LeRoy Shumate as principal and in the other instance by his brother, Joseph Wayne Shumate, as principal; appellant was surety on each of the bonds.

It appears that the Shumate brothers were convicted of the same felony in the circuit court in the same case as was Brotzge, whose situation is considered in United Bonding Insurance Company, Kent Cox, Agent v. Commonwealth of Kentucky, Ky., 461 S.W.2d 536 (this day decided). Although the conviction of the Shumates was affirmed by this court and the date set for sentencing in the circuit court was the same as for Brotzge, the Shumates

did not appear and have never appeared or been sentenced in the circuit court so far as the record before us demonstrates.

When the Shumates failed to appear on the date set for sentencing, the circuit court ordered the bail bond of each of them forfeited. On a subsequent date set for the purpose of adjudging liability against appellant as surety on the bail bonds, appellant showed no valid excuse for the nonappearance of its principals but asked for more time to deliver the Shumates into custody. The trial court overruled the motion of the surety for more time to deliver the principals and adjudged liability against the surety for the full amount of each bail bond. About a week later, the appellant filed a motion to vacate the forfeiture judgment and again requested more time to deliver the fugitives. This motion was overruled. Almost a month later, appellant filed what it styled "Motion for Remission of Judgment under CR 60.02(5)". This motion was overruled by order of the circuit court.

 The appeal in File No. W–173–69 attempts to appeal from the order of the circuit court refusing relief from the judgment of forfeiture under CR 60.02. No notice of appeal from this order was filed in the circuit court. The filing of a notice of appeal within the time limit prescribed by CR 73.02(1) is mandatory; this appeal must be dismissed. Clay, Ky.Prac., Rules of Civ.Proc.Ann., Rule 73.02, page 336.

During the pendency of the appeal in File No. W–173–69, appellant realized that the appeal was abortive because of the failure to file the notice of appeal in the circuit court. Appellant then returned to the circuit court and filed another "Motion for Remission of Judgment." In this motion, appellant stated that CR 60.02(5) was the basis of the relief sought and that "he is reinstating this motion because he failed to file a Notice of Appeal from the previous order entered on the matter." The trial judge overruled this motion on the ground in part that failure to file a notice of appeal from the previous final

order was an inadequate reason to justify the granting of relief under CR 60.02. The trial judge entered an order refusing relief on the reinstated motion. The appeal in File No. W–170–70 is from this latest order of the circuit court.

■ We believe the circuit court order to which the second appeal is directed was correct.

■ A party may *not* resort to CR 60.02 to gain an additional extension of time to prevent the application of CR 73.02. See Clay, Ky.Prac., Rules of Civ.Proc.Ann., Rule 73.02, comment 5, page 334. The motion itself recited that it was made because of the failure to file a notice of appeal from a previous final order that denied relief under CR 60.02 on the same factual showing as repeated in the "reinstated" motion. This unexplained failure to perfect a proper appeal was no ground for relief under CR 60.02. The trial court's order refusing the requested relief was correct.

In File No. W–173–69 the appeal is dismissed. In File No. W–170–70 the order of the circuit court from which the appeal was perfected is affirmed.

All concur.