**UNITED BONDING INSURANCE COMPANY, KENT COX, AGENT,**
Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1970.

Rehearing Denied Jan. 29, 1971.

Joseph G. Glass, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

This is a companion case to United Bonding Insurance Company, Don Rigazio, Agent v. Commonwealth of Kentucky, Ky., 461 S.W.2d 535 (this day decided).

Appellant, United Bonding Insurance Company, was surety on a bond to assure the appearance of its principal, James Douglas Brotzge. The amount of the bond was $10,000. Brotzge and Donald LeRoy Shumate and Joseph Wayne Shumate had been convicted in the circuit court of a felony. They had appealed these convictions to this court where the judgment against each of them was affirmed. The mandate of this court was filed in the circuit court on November 29, 1968. The trial judge set December 3, 1968, as the time for the appearance and sentencing. None of the defendants appeared. The bond of Brotzge was ordered forfeited. The appellant was served with notice on December 3, 1968, of a hearing on December 28, 1968, at which time the surety was to show cause why the forfeiture should not be adjudged against it in the full amount of the bond.

Cox, an agent of appellant, secured the arrest of Brotzge in Indiana from whence he was returned to the circuit court where he appeared and was sentenced on December 10, 1968; he was then transported to the state penitentiary to serve the sentence of the circuit court. On December 31, 1968, appellant moved the circuit court to set aside the forfeiture; the motion was accompanied by affidavits that purported to establish that the surety had made every reasonable effort to secure Brotzge's presence for sentencing. The trial judge remitted all of the amount of judgment of forfeiture except for the sum of $1500 for which the surety was adjudged liable. The surety moved for an

appeal to this court from that order which we granted. We affirm the circuit court's order of remission.

The surety's first argument is that it is entitled to complete exoneration from liability on the bail bond because there was not adequate notification to the surety of the sentencing date and the return of the mandate of this court by which the judgment of conviction was affirmed. RCr 4.26 and RCr 4.28 prescribe the procedure to be taken in the forfeiture of bail bonds upon nonappearance of the principal. In both Miller v. Commonwealth, 256 Ky. 379, 76 S.W.2d 41 (1934) and Turner v. Commonwealth, Ky., 338 S.W.2d 213 (1960) we plainly stated that it was the duty of the principal (criminal defendant) and the surety to keep themselves advised of the progress of the case. As in the Miller case, it was the duty of the surety in this case to keep advised of the legal status of the appeal of its principal. The surety's first argument is found to be without merit.

The remaining contention advanced by the surety is that the trial judge abused his discretion when he did not limit the amount of the surety's liability to a nominal amount, which represented the amount of the actual expenditures of the Commonwealth necessitated by the default and nonappearance of the principal at the time set for sentencing and compliance with the judgment. Nearly all of the cases cited by appellant in support of this proposition are instances in which: (a) the principal had an excusable reason for his default and (b) the question was nonappearance for trial, rather than failure of a convicted defendant to report for compliance with a previous judgment.

Although appellant also appears to rely on KRS 425.075 and KRS 425.090, a plausible reply is that these statutes appear to apply only to a defendant arrested in a civil action pursuant to KRS 425.010. It is also true, however, that we regarded KRS 425.-090 applicable to criminal actions in Vaughn v. Commonwealth, Ky., 395 S.W.2d 763 (1965). In the Vaughn case, nevertheless, we plainly indicated that even though it be recognized that KRS Chapter 425 and its various sections are regarded as applicable to criminal actions, the statute is supplemented by the Rules of Criminal Procedure. The express language of RCr 4.26(3) and RCr 4.28(2) means that the trial judge is vested with discretionary power to remit forfeited bail bonds in part or in whole, depending upon the facts of the individual case.

In the Vaughn case, we cited with approval the general rule that it is only where performance of the conditions of the bail bond has been prevented by an act of God, an act of the obligee, or an act of law that the sureties are entitled to relief. It is incumbent upon the accused or his surety to show that accused's nonappearance was excusable or justifiable.

Since Brotzge's nonappearance was neither excusable nor justifiable, a complete remission of the bail bond to a nominal amount would reward an open flouting of the authority of the law, rather than to enforce the contract that Brotzge as principal and appellant as his surety made. The trial judge was vested with authority to exercise discretion and remit part of the surety's contracted amount of liability, if in his judgment the facts warranted such action. The judge remitted liability for 85 per cent of the contracted amount. We are certainly unable and unwilling to characterize his action as an abuse of discretion at the instance of the surety.

To hold in a case such as this that the surety's undertaking is to merely reimburse the Commonwealth for the out-of-pocket expense incurred in securing compliance by the defaulting principal and his surety with that which they guaranteed in an amount certain would be to completely nullify the contract embodied in the bail bond and remove the very basis for vesting discretion in the trial judge. We reject that proposition.

The judgment is affirmed.

All concur.