**COMMONWEALTH of Kentucky, Appellant,**

v.

**A A BONDING COMPANY, Appellee.**

**COMMONWEALTH of Kentucky, Appellant,**

v.

**C. F. CISSELL, etc., Appellee.**

**COMMONWEALTH of Kentucky, Appellant,**

v.

**Al HUFFMAN, etc., Appellee.**

**COMMONWEALTH of Kentucky, Appellant,**

v.

**Alvin HUFFMAN, etc., Appellee.**

Court of Appeals of Kentucky.

July 2, 1971.

Rehearings Denied Dec. 3, 1971.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellant.

Joseph G. Glass, Louisville, for appellee.

William Alford, pro se.

C. F. Cissell, pro se.

Al Huffman, pro se.

Alvin Huffman, pro se.

NEIKIRK, Judge.

In each of the above styled cases the trial court declared a forfeiture of the bail bond when the principal failed to appear at trial. In each case the trial court remitted a substantial portion of the forfeiture and entered judgment accordingly. The remittances ranged from fifty per cent to eighty per cent. In each case the principal had not appeared or surrendered to the process of the court before or at the time the remittance of forfeiture was made. In each case the Commonwealth moved to set aside the judgment on the ground that the court had abused its discretion in granting the remittance of forfeiture when the principal's appearance had not yet been secured. In each case the motion of the Commonwealth was overruled. The Commonwealth perfected these consolidated appeals.

**508**

RCr 4.26(1) provides:

"If there is a breach of a condition of a bond, the court shall declare a forfeiture of the bail, or the money or bonds deposited as bail, which forfeiture shall be noted of record and endorsed on the bond by the clerk of the court. Such endorsement shall be sufficient evidence of the forfeiture."

RCr 4.26(3) provides:

"The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture."

RCr 4.28(2) provides:

"After entry of judgment the court for sufficient cause may remit wholly or in part the sum specified in the bail bond."

It is to be noted that the rules permit a remittance only for "sufficient cause." The record in this case does not show sufficient cause. In United Bonding Insurance Co. v. Commonwealth, Ky., 461 S.W. 2d 536, we said:

"* * * it is only where performance of the conditions of the bail bond has been prevented by an act of God, an act of the obligee, or an act of law that the sureties are entitled to relief. It is incumbent upon the accused or his surety to show that accused's nonappearance was excusable or justifiable."

In the absence of a showing of sufficient cause, the trial court had no authority to remit portions of the bail bonds.

The judgments are reversed, and the trial court is directed to enter a judgment in each case in the face amount of the forfeited bond.

All concur.