JOHNSON BONDING COMPANY, INC.,
Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 1, 1972.

Charles W. Curry, Shuffett, Kenton, Anderson & Curry, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

This is an appeal from a judgment of the Lee Circuit Court against appellant Johnson Bonding Company, Inc., in the amount of $2,500, based upon the forfeiture of a bail bond executed to assure the appearance of Ernest McNabb to answer a criminal charge. The circuit court refused to remit any portion of the face amount of the bond. We are compelled to reverse.

McNabb and Billy Breeding[1] were charged with breaking and entering a storehouse. KRS 433.190. On October 22, 1971, the bonding company executed a bail bond to assure McNabb's appearance in the Lee Circuit Court on February 10, 1972. Because of McNabb's failure to appear, his trial was continued to February 16, 1972, when again he defaulted. Breeding appeared both times.[2] The Commonwealth's attorney, on February 17, 1972, moved for forfeiture of the McNabb bail bond and the hearing was set for March 8, 1972. On the 18th day of February, 1972, Johnson Bonding learned that McNabb had failed to appear and that he had been arrested on February 17 and placed in the Mercer County jail on a charge of forgery. Immediate telephoning occurred between representatives of the bonding company, the jailer of Mercer County, the clerk of the Lee Circuit Court and others in an effort to arrange for McNabb's prompt delivery to Lee County. Johnson Bonding's representative was informed that the current term of the Lee Circuit Court was expiring that day and that it was probably too late to conduct a trial. Nevertheless, it executed a bail bond to release McNabb from Mercer County so that he could be returned to Lee County. After McNabb was taken by the Kentucky State Police to Boyle County for the purpose of having him served with a warrant there on another charge, the officers delivered him to the Lee County jail on February 20, 1972.

At the hearing on the motion to forfeit the bail bond the foregoing facts were disclosed, and it was also shown that when McNabb was supposed to be in court for trial he was not confined but had been drinking heavily for several days and was

---

1. The record also refers to William Brady, who apparently is the same person as William Breeding.

2. On February 16, 1972, Breeding was found guilty by a jury which fixed his punishment at 5 years' imprisonment.

"stone drunk". That was his only excuse for his nonappearance. The surety had made no effort to see that McNabb was in court for the trial February 16, 1972. The proof also showed that it would be necessary for McNabb to remain in jail for four months until the next term of court.

Appellant cites RCr 4.26(3) and RCr 4.28(2), and argues that justice does not require the enforcement of the forfeiture and that since there was sufficient cause for the trial court to remit wholly or in part the amount of the bail "as authorized by those rules," it abused its discretion in imposing the full penalty on the surety. It relies on such cases as Craig v. Commonwealth, 288 Ky. 157, 155 S.W.2d 768 (1941), and Turner v. Commonwealth, Ky., 338 S.W.2d 213 (1960), in which major amounts were remitted. It asserts that defendant McNabb was returned, although by the State Police, and that our cases have indicated that the return of the prisoner rather than the forfeiture of the bond should be encouraged. Vaughn v. Commonwealth, Ky., 395 S.W.2d 763 (1965), is cited, and others which hold that " * * * the interest of the public is best served by granting relief in certain situations." It charges that the inducement of money saving by the surety is the aim of the series of rules on this subject so as to encourage the surety to produce the accused, and that enrichment of the public treasury is not a consideration.

Although appellant also argues that RCr 4.28(2) adds something new to the law in that it gives to the trial judge discretion in making the decision of whether or not to grant relief to the surety, that section is applicable to situations arising after a judgment has been entered imposing liability. It is really not pertinent to the issue before us inasmuch as the forfeiture judgment was not entered until after McNabb's return and there was a single hearing on the questions of forfeiture and remission.

The Commonwealth replies by citing United Bonding Insurance Co. v. Commonwealth, Ky., 461 S.W.2d 536 (1971), in which we said that "The express language of RCr 4.26(3) and RCr 4.28(2) means that the trial judge is vested with discretionary power to remit forfeited bail bonds in part or in whole, depending upon the facts of the individual case." While it is true that McNabb was returned before the judgment of forfeiture was actually entered, nevertheless, that did not deprive the trial judge of his right to refuse to remit after hearing the evidence, although the return of the prisoner is a factor to be considered. In Commonwealth v. A A Bonding Co., Ky., 472 S.W.2d 507 (1971), in which the defendant had not been returned, we discussed the rules applicable to remittance of all or part of a bail bond. We reiterated our statement in United Bonding Insurance Co. v. Commonwealth, supra, that there is an obligation on the part of the surety to show that the nonappearance of the accused " * * * was excusable or justifiable" and said "In the absence of a showing of sufficient cause, the trial court had no authority to remit portions of the bail bonds."

Bail bonds are designed to assure the presence of the defendant at the appointed time so that the machinery of justice will not be hampered by his default. McNabb's failure to appear required a delay of the case until the next term of court, necessitating his incarceration for approximately four months at public expense. The trial court opined that the Commonwealth had gone to considerable effort to have witnesses in court and had put the judicial machinery in motion at great expense so that a trial could proceed on February 16, 1972, all of which had to be repeated.

We feel compelled to remand this case to the trial court for its determination of some amount of remission under the holding of Abrams v. Commonwealth, 254 Ky. 68, 70 S.W.2d 983 (1934): "When the criminal has been arrested promptly, as in this case, it would entirely defeat the purpose of the statute if no part of the penalty

of the bail bond is remitted; for, if this may be done, no inducement will be held out to the bail to have the defendant arrested and brought to justice, and it was this that the statute was aimed to secure."

■ The principles announced in that decision had been followed in prior cases and were in full force and effect at the time the bond in the instant case was written. In United Bonding Ins. Co., Kent Cox, Agt. v. Commonwealth, Ky., 461 S.W. 2d 536 (1970), we referred to the bonding undertaking as a contract. Parties generally are deemed to contract in accordance with the principles of law applicable to the transaction at the time the contract is made.

We hold, however, that the old cases should not hereafter be regarded as authoritative. In the Abrams opinion and those which preceded it, the court held that if the criminal was arrested promptly it would entirely defeat the purpose of the statute if no part of the amount of the forfeited bail bond was remitted. It was the feeling in those days that an inducement should be held out to the surety to have the defendant arrested and brought to justice. Nevertheless, the statutes and the rules of criminal procedure have consistently declared that the trial judge is vested with discretionary power to remit forfeited bail bonds in part or in whole depending upon the facts of the individual case.

One of the principal reasons for vesting the trial judge with discretion is that a situation pattern is presented which is not susceptible of control by specific rules. Circumstances vary so widely and on occasions so minutely that an informed-value judgment by an impartial judge is the only practicable means of acceptable determination.

The old cases were not formulated in the light of the presence of a compensated surety who had the means to assess the risks and take other measures for protection against loss. Another circumstance present in the older cases is an acceptable excuse for nonappearance of the principal and the absence of significant expense to the prosecution by relatively slight delays.

■■ The time has come to announce to compensated sureties on appearance bonds that the right to remission of part of the liability for which they contracted rests in the discretion of the trial judge. To announce in advance that the trial judge must exercise discretion in a particular fashion destroys a reason for vesting the discretion in the first place. It is also true, nevertheless, that no discretion is so wide that it cannot be abused. If discretion is exercised so unreasonably as to amount to arbitrary action, then an appellate court must relieve the party who suffered as a result thereof. The rule of automatic remission of a contractual liability does not rest upon sound principle. Therefore, we announce that henceforth this issue should be resolved by the trial judge in the exercise of a reasonable and not arbitrary discretion. Under the particular circumstances, the proper resolution might be the remission from payment of a small part of the contracted amount or a major part of such amount or a refusal to remit any part of it. The compensated surety is now advised of the law applicable to his contract. The various circumstances which are relevant are so numerous that no precise formula can be prescribed. However, we think it appropriate to note that the absence of McNabb was inexcusable and that, other than arranging his release on bail from the Mercer County charge, little was done by appellant to return him to Lee County. These are factors to be considered along with others in determining the amount of remission. See United Bonding Insurance Co. v. Commonwealth, Ky., 461 S.W. 2d 536 (1971).

The judgment is reversed for further proceedings consistent herewith.

All concur.